[No. 6105]

Cone, Executrix, v. First National Bank of Denver et al.

**Principal and Surety — When the Relation Exists —** The directors of the Canon City bank made their promissory note to the Denver bank, and the amount thereof was deposited in the latter bank to the credit of the former. The directors received certain assets of their own bank, to indemnify them against loss in the transaction. These were collected in the name of the former bank and credited upon the note. Held, that the Canon City bank was not liable to the Denver bank, upon the note; that there was no relation of principal and surety between the makers of the note and the Canon City bank, and that an action by the executrix of one of the directors under section 21 of the Code was misconceived.

*Error to Fremont District Court*—Hon. Morton S. Bailey, Judge.

Mr. A. L. Taylor and Mr. Hardy Sayre for plaintiff in error.

Messrs. Waldo & Dawson for defendant in error.

Mr. Justice Gabbert delivered the opinion of the court:

Section 21 of our Civil Code provides, in substance, that an action may be brought by one person against two or more for the purpose of compelling one to satisfy a debt due to the other for which the plaintiff is bound as surety.

Mrs. Cone, as executrix of the last will and testament of James J. Cone, deceased, brought suit against The First National Bank of Denver, The First National Bank of Canon City, and others, named as defendants, the purpose of which was to compel the Canon City bank to pay to the Denver bank the balance due on a certain promissory note held by the Denver bank, based upon the ground that the Canon City bank was, in fact, the principal on the note in question, and that the other makers thereon were sureties. This note was executed by the Peabodys and J. J. Cone. The Canon City bank did not appear thereon as maker, or in any other capacity; but the contention of the plaintiff was, that, in fact, the Canon City bank was the principal, and that the Peabodys and Cone were merely sureties, as between the bank and themselves. This issue was found in favor of the defendants, and the action dismissed, from which judgment the plaintiff appealed.

We are without jurisdiction to entertain the appeal, but as defendants have appeared, the case has been entered as pending on error, and will be considered accordingly.

There is but one proposition involved, namely: Does the record disclose that the relation of principal and surety exists between the makers of the note involved and the Canon City bank? Counsel for plaintiff contend that it does, and in support of their claim that the judgment of the trial court should have been in favor of plaintiff, assert that a loan of money to a bank will render it liable for the indebtedness thereby created, although the note of individuals instead of the bank was taken therefor.

We cannot agree with the claim regarding the relationship of principal and sureties as between the Canon City bank and the makers of the note, and as the action was based upon the theory that this rela-

tion existed, the proposition of law referred to is inapplicable. The material facts are substantially as follows:

In April, 1905, the makers of the note were all of the directors of the Canon City bank, James H. Peabody and Mr. Cone, being respectively president and vice-president of that institution. The bank had made loans to various parties, aggregating some twelve thousand dollars, which the comptroller of the currency was insisting must be replaced by cash or otherwise. The bank was also indebted to the Denver bank in the sum of about fifteen thousand dollars on an overdraft. For the purpose of complying with the demands of the comptroller, the directors of the Canon City bank, in their individual capacity, executed a note to the Denver bank in the sum of ten thousand dollars, for which they received the face of the note, and which they placed to the credit of the Canon City bank in the Denver bank, whereby the overdraft was reduced in the sum of this deposit. The discredited assets were delivered to the makers of the note as indemnity for the money which they had advanced their bank on the loan secured from the Denver bank. As these were paid they were credited on the note in question. The interest was also paid, but by whom is not altogether clear. If it was paid by the Canon City bank, that is of no material moment. The discredited assets were collected in the name of the Canon City bank, or their collection enforced in its name; but this circumstance is of no serious importance. The question is: Was the Canon City bank the principal on the note? On the face of the note it was not. There is not a scintilla of evidence that it was to be liable thereon. The money was paid to the makers of the note on their individual paper and placed to the credit of the bank by their direction; and conceding, but not deciding, that the

bank became indebted to them as a result of the transaction which it recognized by paying the interest on the note in question, or a part of the principal, it would merely result in the discharge of its obligation to the makers *pro tanto,* but would not render it liable or establish that it was, in fact, the principal thereon.

The further fact that the discredited assets were collected in the name of the Canon City bank, or their collection enforced in its name, is of no importance in the face of the undisputed testimony that they were segregated and delivered to the makers at the time they executed and delivered their note to the Denver bank for the purpose of indemnifying them against loss on that note, and that the money realized from these assets was applied thereon. This action was merely applying whatever was realized from the discredited assets as had been agreed upon between the makers of the note and the Canon City bank, and did not prove, or establish, its liability thereon. If this was an action on the part of the Denver bank to recover from the Canon City bank the money which it loaned the makers of the note in question, not upon the note, but upon an implied right growing out of the transaction, the proposition of counsel for plaintiff, to the effect that the Canon City bank could be held liable to the Denver bank for the indebtedness thus created, although the note of the directors as individuals only was taken therefor, might be applicable; but as this is not the nature of the action instituted by plaintiff, and as that question is not involved, we express no opinion thereon. The suit by plaintiff was based upon the ground that the relation of principal and sureties existed between the makers of the note and the Canon City bank. Before an action of that character can be maintained, the plaintiff must establish affirmatively that he is a surety, and that the person against whom the action is commenced is the

principal of the obligation which is the basis of his action. The testimony in this case not only fails to establish the relationship of principal and sureties, as between the Canon City bank and the makers of the note, but affirmatively establishes that such relation-ship did not exist.

What the rights of the makers of the note against the Canon City bank may be as a result of the transaction, or in what circumstances, if any, they can compel it to pay them, is not involved, and we must not be understood as expressing any opinion thereon. The one question was, whether the Canon City bank is liable on the note, and as it appeared it is not, the judgment of the District Court, dismissing plaintiff's action, was right, and it will, therefore, stand affirmed.                                    *Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.