Bissell, P. J.,
delivered the opinion of the court.
This was a suit to establish a trust and ascertain the beneficiaries. The hill alleged that Alfred J. Ware died in April, 1891, leaving as his heirs the plaintiff, Lizzie M., who was his widow, and two children, Bessie E. and Harry C. Ware. The plaintiff set up that Ware died the owner of certain specified real property .to which M. B. Carpenter held title. Carpenter confessed the trust and a willingness to convey to whomsoever might be adjudged the legal heirs of the deceased. The daughter Bessie denied that the complainant was the widow and heir, and the defendant Harry averred that he liad no knowledge on the subject. When the case came on for trial, the court impaneled a jury and submitted to it a single question — “ Were the plaintiff in this case and Alfred J. Ware husband and wife at the time said Alfred J. Ware died? ” There was no proof that a marriage ceremony had been performed between the complainant and the de« *459 ceased Ware. The evidence offered to prove the marriage was of acts tending to show a marriage contract executed by subsequent cohabitation. The only part of the proof which need be stated is that which relates to the alleged admissions of the deceased. During the progress of the trial, some fourteen letters were offered and received, which the plaintiff contended tended to establish the marriage relation. Some of them were signed by the initials of the deceased and others under the name Jack. Part of them were commenced by a loving address, others were directed to a wife in terms, and others concluded with endearing expressions likewise addressed to a wife. The letters were not in the envelopes in which they came, nor was there any testimony which tended to prove that they had been sent to the plaintiff except what will now be stated. At the very outset they were shown to be in the handwriting of the deceased Ware by the trustee Carpenter, who was familiar with his writing, and had long been his intimate friend. This proof was supplemented by the plaintiff, Lizzie M. Ware, who was called on her own behalf. The defendants objected to her production as a witness on the ground of her incompetency. The objection was fairly stated, and the question is fully preserved in the record. Notwithstanding this fact, she was asked to state what the papers were, and she answered they were letters to her from her husband. She stated that she received them from A. J. Ware, from time to time at about the dates they bore, and that they came through the mails. There was some little attempt on the part of the court to limit the extent to which counsel could go in this proof, but the witness was undoubtedly permitted to state that she got the letters in due course of mail and from the deceased Ware. There was no other proof that the letters were directed to the plaintiff, sent to her or received by her. The case was submitted to the jury under an instruction whereby they were substantially told that a marriage contract could be proven by many facts and circumstances, among which were the declarations of the parties to the relation — that if they found the letters *460 were the letters of Ware they had a right to take them into consideration as declarations of Ware in relation to the fact of marriage. These letters were commented upon by the court, and stated to be strong evidence that the parties were married, because they were declarations against the writer’s own interests, which are always to be taken most strongly against him and against his estate. This is fully stated to make manifest the justness of the subsequent statement that the evidence was not immaterial, but probably of very considerable weight in influencing the conclusion at which the court arrived. The jury found against the plaintiff. Notwithstanding this finding, the court disregarded the verdict and entered a decree for the plaintiff, from which the present appeal was prosecuted.
We have been very strongly urged to weigh the testimony, and determine therefrom what the fact was concerning this marriage. We recognize the difference in the situation of the present case and the condition which ordinarily exists where a cause has been tried by the court who has found the facts in a particular matter; in the latter case, appellate tribunals very rarely disturb the conclusions. It is insisted, however, that since the cause was submitted to a jury, whose opinion antagonizes the decree, it is not only the privilege but the duty of this court to decide where the right is as between these conflicting determinations. We do not so conclude. It is very difficult to perceive what effect the letters may have had on the jury and what weight they may have given to them. It is possible they rejected the letters entirely, and concluded, since the envelopes were not preserved and only the naked letters brought, they were open to so much suspicion and question as to be entitled to little weight. Not so the court. His statement to the jury concerning these matters demonstrates to our mind the great force which he gave to those letters as declarations against the interests of the deceased. Since this is true, we must refuse to decide the disputed proposition and leave the question to be settled by a subsequent trial which must be had unaided by the tes *461 timony of the plaintiff as to the receipt and source of those letters. Their significance and importance as testimony upon the main issue must be conceded, and if the testimony satisfies the trial court, that they were written by the deceased to the present plaintiff, it must of necessity be of great weight in the settlement of the issue. In holding it to have been error to admit them, we do not infringe the rule stated in Insurance Co. v. Friedenthal, 1 Colo. App. 5, since the error springs from the admission of material and important testimony which could only be competent when followed by proof that they were sent to the plaintiff in whose behalf they were offered. This circumstance leaves the naked question to remain, whether a person bringing suit as the widow against the other heirs and trustee to- establish an interest in property is a competent witness as to any fact material to the case as she lays it. This question must be answered in the negative. This court had occasion to apply the statute and construe it in the recent case of Fetta v. Vandevier, 3 Colo. App. 419. As a general proposition all persons are competent witnesses in the trial of any suit, no matter what may be their interest in the result of the controversy. This rule however is limited by the provisions of section 364 (General Statutes of 1883), and no party is allowed to testify of his own motion where the adverse party defends as an heir, etc., of a decedent, unless the party so offered comes within some of the exceptions expressed in the section. These need not be considered since the plaintiff was not brought within the scope of any of the provisos. It is a naked case of a person claiming to be a widow suing a trustee and an heir to obtain an interest in property, and giving testimony material to the subject-matter of the inquiry. The statute declares her to be incompetent, and unless the force and effect of the statute be entirely destroyed by the process of construction, there is no principle which would permit her to testify. Possibly, if the evidence which she gave had only related to immaterial matters, and there was enough other material testimony in the record to sustain the decree, the fact that she was per *462 mitted to testify-might be treated as a harmless error. But the subject-matters about which she gave evidence are not of the slightest consequence in determining her competency as a witness. Unless brought within some of the exceptions, she could not be permitted to testify in her own behalf on any question.
Since, according to our judgment, this statutory provision was violated, the decree must be reversed and the cause remanded for a new trial.

Reversed.