ROSE v. OTIS.

1. EVIDENCE—LETTERS.

A witness cannot be questioned as to the contents of a letter written by
    him, or as to whether he made particular statements therein, but
    the whole letter itself must be read as the only competent evidence
    of what it contains; but when the letter is in evidence, interrogator-
    ies directed to discrepancies between his testimony and his written
    statements are allowable.

2. IMMATERIAL ERROR.

If the trial court erroneously at one stage of the proceeding excludes
    evidence which is subsequently admitted, and the questions are
    asked and answered without restriction other than the pleasure of
    counsel, the error is cured.

3. EVIDENCE—PRACTICE.

The court below having permitted cross-examination of the plaintiff
    concerning the contents of a letter written by him, it was proper
    to allow him to introduce the entire letter in his own behalf.

4. EVIDENCE—ADMISSIONS.

In order that an admission may be understood, all that was said upon
    the subject at the time must be heard. If part of a conversation of
    a party is proved against him, he has a right to show the remain-
    der. If the admission is in writing, he is entitled to the production
    of the entire paper.

5. IMMATERIAL ERROR.

The admission of evidence of conversations, which could not have had
    effect for good or evil on either side of the case, is harmless, and
    does not constitute reversible error.

6. INSTRUCTIONS—AD DAMNUM.

An instruction limiting the verdict which the jury might return to the
    amount claimed in the complaint in an action to recover the value
    of services rendered is correct.

*Appeal from the District Court of Arapahoe County.*

Mr. A. B. SEAMAN and Mr. L. K. PRATT, for appellant.

Mr. GEO. F. DUNKLEE and Mr. O. E. JACKSON, for ap-
pellee.

THOMSON, J., delivered the opinion of the court.

This was an action brought by the appellee against the

appellant to recover the value of labor and services which he alleged he had performed for her at her request. Certain rulings of the court, in receiving and rejecting evidence, and in giving and refusing instructions, are assigned for error. The action was brought originally against the appellant and her husband, James Rose, jointly, but was dismissed as to the latter, and an amended complaint filed, making the appellant the only defendant.

The plaintiff was a witness in his own behalf, and, upon his cross-examination, defendant's counsel asked him whether he had made certain statements in a letter written by him to the defendant on July 4, 1887. Objection was made and sustained, that the question was improper, because the letter itself was the best evidence of its contents. Several like attempts to prove its contents were unsuccessfully made. The plaintiff admitted the authorship of the letter, and offered to let it go in evidence as an entirety, but counsel declined to introduce it.

The general rule, long established, is that the contents of a written instrument must be proved by the instrument itself, if it is in existence and can be produced. It is only upon proof of inability to produce it that secondary evidence of its contents can be received. This doctrine is as old as the common law. But the word "instrument" has a technical meaning in law. It is something reduced to writing as a means of evidence. It is the formal expression in writing of some agreement or obligation, or of some act upon which the rights of parties are dependent. Contracts may be made by letter, and when a contract is thus made the letters evidencing it are within the definition of the term ; but, ordinarily, a letter is not a written instrument, and the doctrine as stated would not apply to it. But at the trial of Queen Caroline, in 1820, the rule which obtained in the case of written instruments was applied to letters. 2 Brod. & Bing. 286. The opinion of the judges, in response to questions submitted by the house of lords, was that the contents of a letter must be proved by the letter itself ; that counsel could not

by questions addressed to the witness inquire whether particular statements were contained in the letter, but that the letter must be read to disclose whether it contained the statements or not; and that counsel, after having put the letter in evidence, might, if he so desired, interrogate the witness upon its contents. This opinion encountered hostile criticism, but it was followed by the English courts until the rule was finally abrogated by legislation.

The doctrine of the judges has been adopted in this country, and it is accordingly held that a witness cannot be questioned as to what are the contents of a letter written by him, or as to whether he made particular statements in the letter, but that the whole letter itself must be read as the only competent evidence of what it contains. 1 Greenl. Ev., secs. 88, 463; *Stamper v. Griffin*, 12 Ga. 450, 455; *Jackson v. Jackson*, 47 Ga. 99, 117.

When the letter is in evidence, interrogatories directed to discrepancies between the testimony of the witness and his written statements are allowable; but the questions put by counsel were not proper, and the court rightly so held. But at a subsequent stage of the trial, the court, for some reason, reversed its former ruling and gave counsel full liberty to examine the witness as to the contents of the letter. Accordingly, questions of that character were asked and answered without other restriction than the pleasure of counsel. Why error was assigned upon the first ruling, or why it is urged in this appeal, is not clear. If counsel omitted any question which he desired or intended to ask, it was his own fault. There was no obstruction in his way. The court gave him all that he at first claimed. If there was error originally, it was cured by the later ruling, and counsel has no cause for complaint.

Having permitted counsel to cross-examine the plaintiff concerning the contents of the letter, the court then allowed the plaintiff to introduce the entire letter in his own behalf, and this is assigned for error. It is generally true that a party's own declarations are not competent evidence in his

favor, but it is also true that whatever he says at the same time and upon the same subject is to be taken together. A portion culled out and isolated from the context is often susceptible of a construction which was never intended. In order that an admission may be understood, all that was said upon the subject at the time must be heard. If part of a conversation of a party is proved against him, he has a right to show the remainder. If the admission is in writing, he is entitled to the production of the entire paper. The effect of the whole may be very different from that of a part, and the court rightly permitted the plaintiff to introduce the letter. *Queen Caroline's Case, supra ; Moore v. Wright*, 90 Ill. 470 ; 2 Whart. Ev., secs. 1102, 1103 ; 1 Greenl. Ev., sec. 201.

The same course of examination which the court allowed upon the letter was undertaken by counsel upon the original complaint filed in the cause. After proving its verification by the plaintiff, he selected a statement which it contained, and asked the plaintiff if he had not sworn to that. Our observations made in the case of the letter also apply to the complaint, and the court correctly decided the question improper.

The plaintiff testified to certain conversations which he had with Mr. Rose, the husband of the defendant. The evidence was objected to because it was not shown that Rose was the defendant's agent, or that he had any authority to speak for her. We are unable to discover any proof of agency, but most of this evidence was stricken out on motion of the defendant; and it was all—the portions striken out and what remained—unimportant and immaterial. The witness protested that he could not recollect what was said, but that the substance was that Mr. Rose wanted him to go and see the defendant and try to make some arrangement with her to work for her. This is what witness repeated in different forms at different times; and, presumptively, the reason why it was not all stricken out is that no request for that purpose was made. The contract testified to was made entirely with the defendant herself, all the conversations concerning it were

had with her, and no conversation with her husband was shown which had the remotest bearing upon any subject connected with her liability. The conversations objected to could not possibly have had any effect for good or evil upon either side of the case, and the testimony was therefore harmless.

The last question to be considered relates to the giving and refusing of instructions. Those requested by the defendant were in the main unobjectionable. The only criticism to which they might be subjected is that they did not limit the verdict which the jury might return to the amount claimed in the complaint. They would have authorized the jury to find from the evidence the reasonable value of the services, whatever that value might be, and there was some evidence that they were worth more than was asked. This defect was supplied in the instructions given. These instructions were substantially the same as those requested; they embraced everything to which the defendant was entitled, and fairly stated the law applicable to the case. Exception is taken to the introductory portion, which is a synopsis of the plaintiff's testimony concerning the alleged contract with the defendant. It assumed nothing as to the facts. It was a bare statement of what the plaintiff, in his testimony, claimed was the contract between himself and the defendant, without comment, or any expression which the jury could construe as indicating an opinion of the court. This was followed by a like and equally full statement of the defendant's side of the case as answered by her. Both statements were fair and calculated to give the jury an intelligent idea of the issues involved. It is as important that the jury should have a definite understanding of the issues as that they should be correctly instructed in the law. The jury were then instructed that it devolved upon the plaintiff to prove his allegations by a preponderance of the evidence, and, if they believed that the evidence preponderated for him, they should find in his favor the reasonable value of his services, not exceeding the amount claimed in his complaint; but if, on the

other hand, they believed from the evidence that the facts were with the defendant, they should find for her. Their attention was directed to the evidence as the source from which their conclusions should be drawn. We cannot see any impropriety in the statement of the controversy, or error in the instructions.

There was irreconcilable conflict in the testimony, but in extracting the truth from it, and finding what the facts actually were, the responsibility was with the jury, and what they found is a final settlement of the dispute.

The judgment will be affirmed.

*Affirmed.*