## LEVY *v.* MERCHANTS BANK & TRUST CO.

[86 South. 807, No. 21468.]

1. EXECUTORS AND ADMINISTRATORS. *Holder of note against estate must probate original note or account for loss; claimant on open account must itemize as to dates and sums furnished.*

   A person having a note or other written evidence against the estate of a deceased person must probate the original note or account for its loss. If he has an open account for money furnished at different times and in different sums, his probated claim must be itemized as to dates and sums furnished, and an account not so probated is void.

2. EXECUTORS AND ADMINISTRATORS. *Reference in claim to deed of trust not dated in turn referring to note insufficient where note not produced.*

   Where a person undertaking to probate a claim for money furnished to a deceased person in various sums not itemized as required refers to a deed of trust of a named date for the amount, it is insufficient to comply with the probate law where such instrument is not dated, and where it refers to the debt claimed as being evidenced by a promissory note which is not produced nor its loss accounted for.

3. EXECUTORS AND ADMINISTRATORS. *Mortgages. Mortgage must describe property with certainty.*

   A deed of trust, to be valid for the purpose of creating a lien on property, must contain such description as will identify the property with certainty; and, if the description is void for uncerainty, such deed of trust will not enable the creditor to establish a prior right against the creditors of the grantor, nor dispense with probate proceedings.

APPEAL from chancery court of Hinds county.

HON. L. F. EASTERLING, Chancellor.

Suit by Winfred Levy against the Merchants' Bank & Trust Company, executor of the estate of Marx Levy. From the decree plaintiff appeals, and from part thereof defendant prosecutes a cross-appeal. Affirmed on direct appeal and reversed on cross-appeal, and judgment rendered.

*Fulton Thompson, R. H. & J. H. Thompson* and *Banks & Harrelson,* for appellants.

*Watkins, Watkins & Eager,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellant filed a petition in the chancery court against the appellee to establish his claim as a superior claim to all other persons to such funds as might be in the possession of the appellee as executor of the estate of Marx Levy, and for a decree directing the executor to pay the account to the petitioner, and for general relief.

The executor contested the claim of the appellant, first, on the ground that it was void for uncertainty of description and denying that there was any such indebtedness or deed of trust in fact due, and also upon the ground that the deceased was constantly trading the property used by him, and, if the deed of trust was ever executed, which is denied, it is void because the property was retained by the alleged grantor and traded and used, and was agreed to be used and traded as though such deed of trust did not exist. It further pleaded that the property which came into its possession was entirely different property from that alleged to be embraced in the claim of the appellant. It further alleged that the deceased was insolvent; that all of his property has been reduced to money and is insufficient to pay his debts.

The claim attempted to be probated and upon which this proceeding is based reads as follows:

"June 1, 1918.

"Marx Levy, Debtor, to Winfred Levy.

"Money loaned to Marx Levy by myself at various times and in different amounts, the dates of which I cannot now remember, making a total and aggregating five thousand six hundred and seventy dollars, as shown by trust deed dated August 26, 1915."

"State of Tennessee, County of Shelby.

"Personally appeared before me, W. H. Harrelson, a notary public of said county, Winfred Levy, who made oath that the annexed claim is just, correct, and owing from the deceased, that it is not usurious, and that neither the affiant nor any other person has received payment in whole or in part thereof, except as is credited thereon, if any, and that security has not been received therefor except as stated, if any.

"WINFRED LEVY.

"Sworn to and subscribed before me this 3d day of July, 1919.

W. H. HARRELSON, Notary Public.

"The State of Mississippi, County of Hinds.

"Chancery Court.

"Probated and allowed for five thousand six hundred and seventy dollars and registered this 7th day of July, A. D. 1919.

"C. S. SPANN, Clerk."

The alleged deed of trust mentioned in the so-called account described the indebtedness embraced in the said instrument as being evidenced by a promissory note dated August 26, 1915. The property described in the alleged deed of trust reads as follows:

"Twenty bay horses; fifteen black horses; twelve gray horses; five sorrel horses; twenty-five mules, four surreys; twelve carriages (Miller & Cunningham make); twenty buggies; four Ford automobiles; two Maxwell automobiles; one Buick automobile; one Ford taxicab; twelve sets carriage harness; twenty sets buggy harness (single); twenty-five sets wagon harness."

The chancellor decreed that the alleged claim of appellant is without consideration, but was executed for the purpose of shielding Marx Levy, the decedent, against contingent apprehended liabilities, and for that reason was fictitious and void as to creditors,‛ but is was ordered that upon payment by the executor. of the debts probated against the estate of the said Marx Levy as well as the costs, expenses, commissions, attoryney's fees to be allowed by the court, if any estate shall be left the same shall be applied to the payment and liquidation of such claim, taxing the appellant with the costs of this proceeding, from which the appellant has appealed, and the appellee has prosecuted a cross-appeal from that part of the decree directing the remainder of the funds of said estate,if any, after paying the creditors, to be applied to the liquidation of this claim.

In our opinion the claim attempted to be probated does not comply with the law and is void.

Section 2106, Code of 1906 (Hemingway's Code, section 1774), reads as follows:

"Any person desiring to probate his claim shall present to the clerk the written evidence thereof, if any, or, if the claim be a judgment or decree, a duly certified copy thereof, or, if there be no written evidence thereof, an itemized account, or a statement of the claim in writing, signed by the creditor, and make affidavit to be attached thereto, to the following effect, viz.:  That the claim is just, correct, and owing from the deceased; that it is not usurious, and that neither the affiant nor any other person has received payment in whole or in part thereof, except. such as is credited thereon, if any, and that security has not been received therefor, except as stated, if any.  Thereupon, if the clerk shall approve, he shall indorse upon the claim the words following:  'Probated and allowed for $——, and registered this——day of ——, A. D. ——,' and shall sign his name officially thereto.  Probate, registration, and allowance shall be sufficient presentation of the claim to the executor or administrator."·

Where a note or other instrument evidencing the said debt is in existence, it must be probated; and, where a claim embraces numerous items of different dates, it should be itemized; an itemized account or an itemized statement of the claim in writing signed by the creditor, etc., being required by the statute. It will be seen from the above that the so-called claims that the dates when the money is alleged to have been loaned are not given, nor are the several amounts of such loans stated.

While the said account refers to a deed of trust dated August 26, 1915, an exhibit introduced in the record as the deed of trust is not dated at all, but was acknowledged on the 13th day of September, 1915. The alleged deed of trust refers to a promissory note evidencing the debt dated August 26, 1915, but no such note is produced or the execution proven. The statute requires that the note itself shall be probated or its loss accounted for, if any such note was in existence or ever had any existence, which was not done in this case.

In *Cheairs* v. *Cheairs*, 81 Miss. 662, 33 So. 414, it was held that the statute was mandatory, and that an affidavit which is not in effect a compliance with it will not give validity to the probation and allowance and registration of a claim, and to the same effect see *McWhorter* v. *Donald*, 39 Miss, 779, 80 Am. Dec. 97.

The alleged deed of trust introduced in evidence does not support the probated account, even if it had a sufficient acknowledgment or description of the debt it attempted to secure, because it is not dated August 26, 1915.

The description of the property in the alleged deed of trust is void for uncertainty, and appellant's claim is not established by a probation as required by law, and he has no lien by his alleged deed of trust by which he could travel against any of the property independent of probation proceedings.

It follows from what we have said that the appeal will be affirmed on direct appeal, and be reversed on cross-

appeal, and judgment entered here on cross-appeal disallowing and dismissing the appellant's claim.

Affirmed on direct appeal; reversed on cross-appeal.

<div align="right">

*Affirmed.*

*Reversed.*