## No. 15,256.

### LEGO *v*. OLSON, ADMINISTRATRIX.
(136 P. [2d] 277)

Decided March 22, 1943.   Rehearing denied April 12, 1943.

Mr. SAMUEL CHUTKOW, Mr. NOAH A. ATLER, Mr. SHERMAN E. WALROD, for plaintiff in error.

Mr. T. E. MUNSON, for defendant in error.

*En Banc.*

MR. JUSTICE GOUDY delivered the opinion of the court.

JOHN F. OLSON died intestate and defendant in error was appointed administratrix of his estate October 26, 1935, in the county court of Phillips county, Colorado. October 8, 1936, one Jim Jorgensen filed a claim against said estate, the original claim being introduced in evidence as exhibit A at the trial in the district court. We quote therefrom:

"One written promissory note in the sum of fifteen hundred dollars, which note has been lost, misplaced, or removed from its usual place, but which is past due and has never been transferred by the owner     $1500.00
One written promissory note in the sum of one hundred sixty dollars, which note has been lost, misplaced or removed from its usual place, but which is past due and has never been transferred by the owner     160.00

1660.00"

510

"1660.00 allowed by the Court, as of fifth Class, this 8th day of Oct. A.D. 1936.

"Avery T. Searle,
Judge

"This claim is correct

"Sarah M. Olson,
Administra........."

June 21, 1940, the claimant Jorgensen died, and his estate, in the county court of Washington county, Colorado, was closed November 10, 1941. Plaintiff in error is the sole legatee under Jorgensen's will. October 27, 1941, more than five years after the claim had been allowed and after decease of the claimant, defendant in error filed in the county court a petition to set aside the allowance of said claim; November 10, 1941, the executor of the Jorgensen estate assigned the claim to plaintiff in error, who thereafter filed an answer to the petition. The petition alleged, inter alia, the following: (1) That no claim on behalf of Jorgensen ever has been filed in the probate court as required by statute; (2) that the probate court had no jurisdiction to allow said claim October 8, 1936, or at any other time, for the reason that no claim was pending on behalf of Jorgensen which authorized the allowance of said claim or the taking of any action except to disallow said claim; (3) that the statements made in the pretended claim filed, that the notes upon which said claim was based have been lost, misplaced or removed from their usual place, were false at the time said statements were made, and were known to be false by claimant at the time said claims was filed; that the only notes held by claimant which did constitute a claim against said estate were in existence, easily accessible to claimant, and could have been filed as a part of the claim at the time said claim was made, all of which was well known to claimant at the time said claim was filed. The judge of the county court who had allowed the claim had retired from the bench, and his successor, after hearing argument of counsel, found that

the claim should not have been allowed; ordered that the prior judgment of allowance be 'set aside and held for naught,' and entered judgment that the claim be 'disallowed and dismissed'."

After the order of the county court disallowing the claim, the matter was appealed to the district court where hearings were had thereon, at which considerable testimony was taken, the greater portion of which concerned the question of whether or not any proper statutory notice of the filing of the claim was given to the administratrix before October 8, 1936, and whether or not she had approved the claim before or after it was allowed by the county court, the contention of counsel for defendant in error being that in the absence of such notice the county court had no jurisdiction to hold a hearing on the claim or to allow the same; and that if the claim was approved after the county court allowed the same, that the administratrix had no authority to make such approval, because the statute of limitations had run against the claim before it was approved by her.

It seems unnecessary to consider these questions further for the reason that the district court, at the conclusion of the evidence, made findings which recite that the claim was filed October 8, 1936; that it was based on two promissory notes, which were not filed with the claim, or at all; that the claim was filed more than six months after letters were issued; that no notice as required was served on the administratrix of the time when the claim would be presented for allowance; that no action was taken on the claim until after January, 1938, when the administratrix appeared in court, signed her name on the back of the claim, under the words, "This claim is correct"; that the county judge then marked the claim as allowed, and dated his allowance back to October 8, 1936; that the oral evidence showed that in January, 1938, there was no record of any allowance of this claim, and at that time the administra-

trix had not signed her name on the claim indicating that it was correct; and although the county judge said that he never allowed a claim that was not first approved by the administrator, administratrix, or other fiduciary representative, that he had no recollection as to anything that was done in this case except what the record shows; that the record showing that the claim was filed October 8, 1936, and allowed on the same date, is incorrect. The Court then stated that he was, however, not holding the judgment of the county court void for any of the reasons hereinabove recited. No cross specification of points have been filed by defendant in error to this, and it will not be further noticed. The District Judge further found, and he expressed the opinion, that the statements in the claim itself were insufficent to give the Court jurisdiction to hear, determine and allow the claim; that he was unaware of any authority in this state that sanctions the allowance of a claim based upon a promissory note without the filing of the note; but that in a case where the note is lost or destroyed, and it is impossible to produce it, he felt, regardless of the mandatory provisions of the statute, that a case might arise in which one could recover upon a promissory note where the note was not filed. He then disallowed the claim for the reason that claimant failed to file the notes as required by the statute, and had filed a misleading claim, due to the fact that the notes were not lost, and were not misplaced, but had been removed from their usual place by claimant, who had left them with the administratrix for safekeeping, directing her to keep them, not to deliver them to any other person, and if she did not pay them while he was living, not to pay them at all.

The only questions to which we give attention are as to whether the county court had jurisdiction to allow the claim as filed, and whether the district court had properly before it the question of the knowledge of

claimant as to the whereabouts of the notes at the time the claim was filed.

■ Claimant Jorgensen did not file the original notes with the claim as required by section 201, chapter 176, '35 C.S.A. We have frequently passed upon that requirement. *In re Hobson's Estate,* 40 Colo. 332, 91 Pac. 929; *Gordon-Tiger Mining & Reduction Co. v. Loomer,* 50 Colo. 409, 115 Pac. 717; *First National Bank of Denver v. Cone,* 57 Colo. 529, 143 Pac. 569; *In re Anderson's Estate,* 93 Colo. 103, 24 P. (2d) 749. In all of these cases, however, the notes were in the possession of, or available to, the claimant. In the case at bar the verified claim stated that the notes were lost, misplaced, or removed from their usual place, and had not been transferred by the owner.

■ It is true that our statute expressly requires that where the claim is founded upon a written instrument, the original instrument must be "filed in the county court" with the claim; but the statute does not apply to cases where the instrument has been lost and cannot be produced. 24 C.J., p. 352, §987; *Blasingame v. Blasingame,* 24 Ind. 86; *Keiffer Bros. v. Bank of Commerce,* 105 Miss. 662, 63 So. 189. That this would be the rule in a proper case was indicated in the case of *Crowley v. Farmers State Bank of Yuma,* 109 Colo. 146, 123 P. (2d) 407, where we said (p. 150): "The original note must be presented, if available * * *." "A person having a note or other written evidence against the estate of a deceased person must produce the original note, or account for its loss." Par. 1, syllabus, *Levy v. Merchants Bank & Trust Co.,* 124 Miss. 325, 86 So. 807. There would be no remedy available to a claimant who was in the unfortunate position of claimant in the instant case, and who, for good reasons, could not produce the original note or notes. Secondary evidence is admissible where it is manifest that the primary evidence (e.g., a promissory note) is unavailable, or where it is shown that it has been lost or destroyed. 20 Am. Jur., p. 364, §403. In

the case before us, reason for the failure to produce is shown in the claim, properly verified and filed. In addition, it was allowed by the court and approved by the administratrix, who now seeks to withdraw that approval. If she had the notes in her possession October 8, 1936, as she attempted to prove in the hearings before the district court in 1942, then they also were in her possession on the day she approved the claim, whether in October, 1936, or January, 1938, and she is bound by her acts. Having signed her name to a statement that the claim is correct, within the times when it appears from correspondence signed by her attorney and agent that the chance of paying fifth-class claims was small, she should not be allowed, more than five years later, when the financial situation in regard to the estate had changed, and the chance appeared large that fifth-class claims could be paid, to withdraw that approval and repudiate the allowance of the claim. We are not unmindful of the attempt to inject the rights of minor heirs into the picture, but defendant in error at all times has been the representative of the deceased, and is a trustee for the creditors and the heirs. 21 Am. Jur., p. 369, §3, and p. 374, §8. Defendant in error here should be held to a strict accounting of her duties in both capacities. If the claim is a valid one, then the rights of the plaintiff in error as a creditor are superior to those of the heirs. 21 Am. Jur., p. 604, §390.

■ ■ At the trial in the district court counsel for defendant in error, over objections of counsel for plaintiff in error, introduced in evidence plaintiff's exhibit No. 2, which it is alleged, is a letter from Jim Jorgensen, claimant, to defendant in error, dated March 6, 1936, or a number of months prior to the filing and allowance of the claim. This exhibit reads as follows:

"May 9 - 1936

"To Mrs. Sarah Olson

"I am giving you these notes to keep dont let any one

get a hold of them. If you cant pay them while I am living dont pay them at all just keep them.

From Jim Jorgensen.

Jim Jorgensen."

A banker, called as a witness on behalf of defendant in error, was shown exhibit A, the original claim filed in the county court, and said exhibit 2, and was asked whether the signature Jim Jorgensen on the claim was the same as that on exhibit 2. He testified that he thought it was. It is significant and interesting to note that no testimony was offered to prove that the handwriting in the body of the letter, which, as well as the signature, is written in pencil, is the handwriting of Jim Jorgensen. A review of the exhibit itself in the record of this court might lead to some question on this point. No attempt was made to show that this purported letter ever was delivered to Mrs. Olson, or to account for it in any way, except by the testimony of Mrs. Olson, hereinafter discussed. Upon the strength alone of the testimony of the banker—there being nothing in the record to show that he is an expert on handwriting, or that he is able to distinguish whether writing is authentic or forged—the purported letter was offered in evidence and admitted by the trial court.

Thereafter Mrs. Olson, defendant in error, was called as a witness and testified as to the date when the claim was allowed, and when she signed the same, none of which is important here, except that she did sign the claim, being uncertain as to the date. The trial court, of its own motion, later recalled Mrs. Olson and personally interrogated her regarding exhibit 2. She then stated that the letter had contained the two notes in controversy, which were the $1,500 and $160 notes on which the claim had been filed; that these notes were turned over to her by Jim Jorgensen, and she had them all the time; that Jorgensen never asked for the notes, and that he knew where the notes were when he filed his claim. Plaintiff in error objected to her testimony as

incompetent under section 2, chapter 177, '35 C.S.A., which provides, inter alia: "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as * * * legatee or devisee of any deceased person, * * *; unless when called as a witness by such adverse party so suing or defending, * * *."

At the conclusion of the evidence, there appears in the record the following significant colloquy:

"The Court: Mr. Jorgensen is the claimant, is he not?

"Mr. Chutkow: Mr. Jorgensen was the claimant, but he is now dead and Mr. Lego is his successor in interest. Mr. Lego is the residuary legatee under the will of Jim Jorgensen. Mrs. Olson has testified regarding matters between her and Jim Jorgensen.

"The Court: I see. I was in error as to Jim Jorgensen being the claimant at the present time. It is in reality the Jorgensen estate that is now interested in this claim.

"Mr. Chutkow: That is correct.

"The Court: Any matters testified to by Mrs. Olson respecting matters which occurred prior to the death of Mr. Jorgensen will be disregarded."

In his findings, however, the trial judge states:

"But the language of the claim in this case was evidently intended to evade two things—one was being guilty of perjury, and the other was an excuse for failure to follow the mandates of the statute. The claim sworn to by the claimant, Jim Jorgensen, after first stating that his claim was upon two promissory notes, stated that they were 'lost, misplaced or removed from their usual place.' The notes were not lost; they were not misplaced; but they were removed from their usual place. Therefore, it might be said that while the allegations of the claim are not wholly false, they are in fact very misleading.

"The notes were removed from their usual place by

the original claimant, Jim Jorgensen, the man who made the affidavit and filed his claim. He had left the notes with the administratrix for safekeeping, directing her to keep them, not to deliver them to any other person, and if she did not pay them while he was living, not to pay them at all. The court is of the opinion that the evasive statements in the claim sworn to did not give the county court jurisdiction to hear, allow and determine the claim."

The court could not have had the above-disclosed information except from the testimony of Mrs. Olson. Her testimony regarding matters occurring prior to the death of Jim Jorgensen, the original claimant, was inadmissible, and the trial court should have disregarded the same. *Carpenter v. Ware,* 4 Colo. App. 458, 36 Pac. 298; section 2, chapter 177, '35 C.S.A., supra. Eliminating this incompetent evidence, there is nothing upon which the findings and judgment of the district court could be based, and upon which the claim, having once been allowed by the county court, and standing without question for a period of more than five years, and until after the death of claimant, could properly be disallowed.

The judgment is reversed and the cause remanded with instructions to the district court to enter an order allowing the claim in the sum of $1,660, and for further proceedings in accordance with the views herein expressed.