No. 15,711.

LITTLE *v.* HILLIARD, ADMINISTRATOR OF THE ESTATE OF VENNING.
(184 P. [2d] 665)

Decided September 8, 1947.

Mr. EMMETT THURMON, Mr. A. D. PENN, for plaintiff in error.

Mr. THOMAS HENRY RYAN, for defendant in error.

In Department, before: MR. CHIEF JUSTICE BURKE, MR. JUSTICE ALTER and MR. JUSTICE LUXFORD.

PER CURIAM.

MARIE LITTLE filed her claim in the county court against the estate of William J. Venning, deceased, to the allowance of which the administrator objected. From a judgment disallowing the claim, claimant appealed to the district court, where a like judgment was entered, to review which claimant brings the cause here by writ of error.

The claim giving rise to this action, omitting formal parts, reads:

"Claim is hereby made against said estate, itemized as follows:                                    Amount

Money due claimant as per written instrument, a copy of which is attached hereto, the original of which will be furnished upon demand                                             $3000.00

1 check signed by deceased and made payable to claimant dated 5/5/44                              10.00

1 check signed by deceased and made pay-

able to cash and claimant is holder in due
course, dated 2/28/44          10.00

                Total .............$3020.00

12/11/1944 Corrected Pursuant to Court
Order this day MJW"

The portion of the copy of the "written instrument"
attached to the claim which is in controversy here is as
follows:

"Denver, Colo., Oct. 10th, 1940.

"To Whom it may Concern:

                "Denver, Colo.

"In case of death, the property at 1014 and 1018 W.
9th Ave. will be sold to clear my debts which is $3,000.00
I owe to Mrs. Marie Little of 832 W. 2nd Ave., and must
be paid immediately from the above estate. The deeds
and abstracts are at the Colorado State Bank 16th and
Broadway."

The original of this written instrument was never
filed in court, by reason of which omission the claim
was disallowed as to the part evidenced thereby.

■ The sole and only question for our determination
is whether the written instrument, a copy of which was
attached to the claim, is an "instrument of writing"
within the meaning of that phrase as used in section 22,
chapter 235, page 911, S.L. '41, which amends section
201, chapter 176, '35 C.S.A. If it is, the written instru-
ment itself should have been filed as proof of the claim.
The filing of a copy is not a compliance with the terms
of the statute. *Crowley, Admx. v. Farmers State Bank
of Yuma,* 109 Colo. 146, 123 P. (2d) 407; *Lego v. Olson,
Admx.,* 110 Colo. 508, 136 P. (2d) 277.

■ Our courts on two occasions have defined the ex-
pression "instrument of writing," namely, in *Hawley v.
Barker,* 5 Colo. 118, and *Rose v. Otis,* 5 Colo. App. 472,
39 Pac. 77.

"The word 'instrument' has a technical meaning in
law in the sense of a writing. While the term is most

frequently used to denote something reduced to writing, as a means of evidence, it is not necessarily confined, in law, to any particular class of legal documents, and it may include not only written instruments and writings, but also engraved and printed instruments. In this sense, 'instrument' has been defined or employed as * * * a document or writing which gives formal expression to a legal act or agreement, for the purpose of creating, securing, modifying, or terminating a right; a writing executed and delivered as the evidence of an act or agreement;

\* \* \*

"The word [instrument] has been held equivalent to, or interchangeable with 'instrument in writing,' 'instrument of writing,' and 'written instrument.'

\* \* \*

"The terms 'instrument in writing,' 'instrument of writing,' and 'written instrument' are descriptive phrases, with a legal meaning, implying an agreement or contract which the instrument contains, and of which it is a memorial. * * *" 44 C.J.S., pp. 419, et seq.

■ The original written instrument upon which the claim for $3,000.00 was based not having been filed with, and in support of, the claim, the objection to its allowance was properly sustained.

The judgment is affirmed.

In this case acknowledgment is made of the gratuitous and valuable service of the Hon. Harry Leddy, district judge, as referee under our rule of June 9, 1947.