ELDRED v. MALLOY.

BILL OF EXCEPTIONS — *when to be signed and sealed.*  The record should show that a bill of exceptions was allowed and perfected during the term, or, if afterward, within a time fixed by the court.

*When to be filed.*  If signed and sealed at the term or within the time limited by the court, the bill of exceptions may be filed on a subsequent day, but if not filed, it forms no part of the record.

*What is evidence of filing.*  Whether a bill of exceptions is of record cannot be determined upon affidavit but by inspection only.

If a bill of exceptions be deposited with the clerk with intent that he shall retain it, he being in any sufficient manner notified of this purpose, the omission to mark it as filed in the usual way will not be material.

Where there was nothing in the record to show that a bill of exceptions had
   been deposited with the clerk or filed by him, time was given the plaintiff
   in error to supply the omission and the manner of doing so was pointed
   out.

### *Error to Probate Court, Jefferson County.*

THE transcript of the record filed in this cause set forth
what purported to be a bill of exceptions reserved by the
appellant, preceded by the following entry :

"Judgment for plaintiff. Defendant allowed forty days
to prepare bill of exceptions herein. And the defendant
prepared and exhibited to the said probate judge his bill of
exceptions within the time limited by said court, and which
were then and there signed by the judge of said probate
court, and are in words and figures following, to wit : "

Mr. DE FRANCE, for defendant in error, now moved to
strike out the bill of exceptions, assigning for ground that
the original had never been filed in the court below ; accom-
panying his motion with his own affidavit that the original
of what purported to be the bill of exceptions of plaintiff
in error, although among the papers of the probate judge,
and lodged in his office, had never been filed there.

WELLS, J.   We are of opinion that, in order to the con-
sideration of any errors assigned upon the rulings of the
probate court during the trial, it must appear by the record,
certified to us, that a bill of exceptions was allowed by
the judge of that court, either during the term or afterward,
and within a period allowed by the order of the court for
that purpose.   If signed and sealed within the time limited,
it may, it would seem, be filed at any subsequent day.   R.
S. ch. LXX, § 21.

But it must appear by the record to have been actually
filed at some day, for otherwise, though signed and sealed
by the judge, it forms no part of the record, and we cannot
consider it, unless indeed the defendant in error waive the
irregularity by joining in error.   *Murphy* v. *Cunningham,*
1 Colo. 471.

The question whether the bill of exceptions is or is not properly in the record must, however, be determined by the record itself.    We cannot consider the affidavit of counsel.    If, by the record, it appears that the bill of exceptions was filed and became of record in that court, we must, in this court, accept that as conclusive.    If the verity of the clerk's return is to be questioned it must be in the probate court, for which purpose, in a proper case, a continuance will be allowed in this court.    The affidavit filed by counsel will, therefore, be disregarded.

The question still remains whether, upon the face of the record, the bill of exceptions is properly returned to us. We are of opinion that it is not.    The order of the court allowed to the plaintiff in error forty days within which to prepare a bill of exceptions, which we are inclined to interpret as fixing a period within which the bill of exceptions should be signed and sealed; for until signed and sealed it cannot be said to be a bill of exceptions at all.    The transcript recites that, within the day limited, it was signed by the judge of said probate court ; this, it was no part of the duty of the clerk, or the judge acting in that capacity, to certify ; and the allowance, signing and sealing, moreover, ● appears by the bill of exceptions itself, as alone it properly can ; and we must presume, in the absence of something appearing to the contrary, that all this was done within the time allowed for the purpose ; but it nowhere appears that the paper, after it was perfected, and in condition to become a part of the record, was actually made so.    In order to this it must have been deposited with the clerk of the probate court, or the judge acting in that capacity, to be by him retained as a part of the files of the cause.    It is not necessary, as counsel for the defendant in error has argued, that the paper should be actually marked, "filed."    The deposit of it with the clerk, with intent that he should retain it, he being in any sufficient manner notified of this purpose, is the essential thing ; the marking it, is merely evidence of this, the absence of which may be otherwise supplied.    But in the present case the file mark is wanting, and there is

nothing to supply it, except the affidavit of counsel, which we cannot consider. If counsel for the plaintiff in error desire, the cause may stand over, in order that the record may, in this respect, be perfected.

It will, we think, be sufficient, if the probate judge shall certify that the bill of exceptions, which has been included in the record certified, was filed in his office, at any day prior thereto ; it need not be certified that it was marked filed, but the certificate must specifically refer to the bill of exceptions now in the record before us ; or counsel may, if preferred, cause the bill of exceptions to be hereafter filed in the probate court, and procure a further transcript of the record, containing the bill of exceptions at large, prefaced by the clerk's recitation as to when it was filed. For this purpose five days will be allowed.*

*Motion reserved.*

---

* The cause was submitted upon the record, at the February term, 1874, *post.*