[No. 5319.]

[No. 2957 C. A.]

IN THE MATTER OF THE ESTATE OF GEORGE H. HOBSON,
DECEASED.

HOBSON v. HOBSON, EXR., ET AL.

1. **Wills—Children Born After Death of Testator—Statutory Abatement—Statutory Election by Widow—Effect—Statutory Construction.**

The will of a testator made no provision for his widow nor for a child born after his death, nor did it manifest an intention to disinherit the latter. The widow renounced under the will, and elected to take under the statute. Held, that the effect of such election and the birth of the child, though not revoking the will, rendered its devises and legacies nugatory, and the wife and child each became entitled to one-half of the property under the Colorado statute.—P. 334.

2. **Estates of Decedents—Presentment of Claims—Promissory Notes—Statutory Construction.**

Section 4787, Mills' Ann. Stats., requires the account or instrument of writing, upon which the claim against the estate of a decedent is based, to be filed in the county court. Held, that the filing of a copy of a promissory note is not sufficient, and if the original is not filed within one year from the granting of letters testamentary or of administration, the claim is barred under the express provisions of Mills' Ann. Stats., § 4780, unless the claimant shall find other estate not inventoried or accounted for by the executor or administrator.—P. 336.

3. **Estates of Decedents—Presentment of Claims—Executor Acting as Agent of Claimant—Failure to Present—Excuse.**

An executor is the representative of the estate, and he cannot properly accept employment from, or act as agent of, a claimant in presenting a claim against the estate for adjustment; and his failure to comply with the request of a claimant in this regard, is no excuse for the latter's failure to file his claim in accordance with the provisions of Mills' Ann. Stats., § 4787.—P. 336.

4. **Estates of Decedents—Presentment of Claims—Objections—Who May Make—Manner of Making—Statutory Construction.**

Under our statutes not only may an executor or administrator object to the allowance of a claim, but the heirs at law, devisees or legatees, or creditors or others interested in the

estate, may do so; and, since the statute provides that formal pleadings shall not be required but the issues formed in a con-tested claim shall be heard and determined as in actions before justices of the peace, a general objection by a widow, in her own behalf and as guardian of an infant, to the allowance of a claim based on a note, a copy of which was filed, is sufficient without specifying the objections; and a plea of the statute of limitations, or that a copy, and not the note itself, was filed, could be orally interposed at any time before or at the hearing. —P. 338.

5.  Estates of Decedents—Improper Presentment of Claims— Limitation of Actions—Effect.

Where the original promissory note was not exhibited as a claim against the estate of a decedent as required by statute, but simply a copy, the filing of the latter does not suspend the run-ning of the statute of limitations against the note.—P. 339.

*Appeal from the District Court of Pueblo County. Hon. N. Walter Dixon, Judge.*

E. B. Hobson filed in the county court a claim for allowance against the estate of George H. Hobson, deceased, and Sella J. Hobson, the widow, in her own behalf and as guardian of a minor child of de-cedent, filed objections thereto. The entire proceed-ing was later transferred to the district court on account of disqualification of the county judge. From a judgment disallowing the claim, claimant ap-peals.                    *Affirmed.*

Mr. W. E. SoRELLE, Mr. GUY LeR. STEVICK, and Mr. L. A. CRANE, for appellant.

Mr. J. H. McCORKLE, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

George H. Hobson died testate October 2, 1900, leaving a widow. A child was born after his death. The will did not make any provision for either, or manifest an intention to disinherit the child. It was admitted to probate in the county

court of Pueblo county November 19, 1900. On the same day A. W. Hobson, a brother of the testator, so designated in the will, was duly appointed executor, and letters testamentary were granted to him, and he thereupon qualified. Three days later the widow renounced under the will, and elected to take under the statute, the effect of which and the birth of testator's child after the making of the will, though not revoking that instrument, rendered its devises and legacies nugatory, and the wife and child each became entitled to one-half of the property of the estate under our statute.

The executor gave the statutory notice to persons having claims against the estate to present them for adjustment on the 4th day of February, 1901. On that day Edward B. Hobson, a brother of testator, filed in the county court an affidavit stating that he owned a promissory note executed and delivered by George H. Hobson during his lifetime to the claimant, and that the same was a just claim against his estate, the affidavit setting forth a copy of the note which purported to have been executed February 2, 1895, for $13,000, payable on demand after date, without interest until paid. From an offer of proof made by the claimant at the trial, concerning the time at which it was made, there is some dispute, but which, for our present purpose, we shall assume was seasonably made, it appears that the claimant Edward B. Hobson, several days before the day fixed for adjustment, sent the original note upon which the claim is founded to the executor with a request that the latter should take such action as was necessary to have the claim properly filed and allowed in the court and paid out of the estate's assets. That the executor agreed to take such action, and thereupon sent to the claimant, who resided in California, a copy of the form which had been used by

holders of other promissory notes against the estate, and which had been filed in, and allowed by, the county court. Employing this form, the claimant prepared and swore to the claim, and forwarded the writing to the executor, and the executor, on the return day, presented the affidavit and filed it in the county court. The executor then, and for more than two years thereafter, had in his possession the original note.

When the affidavit was filed on adjustment day, the attorney for the widow, acting in her own behalf and as guardian for the minor child, objected to the allowance. It was a general objection, nothing being said as to the manner of presenting the claim, or that a copy of the note was filed instead of the note itself.

The county court retained jurisdiction over the estate until August 26, 1902, when an order was made transferring all papers and all matters connected therewith to the district court because the judge of the county court had been an attorney for one of the devisees. During the entire time the county court had jurisdiction, the claimant took no steps whatever toward securing action upon his claim, further than filing a copy of the note, and the record does not show that any order of continuance from term to term was made in the matter of its adjustment.

Nearly eight months after the venue was changed to the district court (April 22, 1903) the claim came on for hearing on the written objections of the widow, guardian, and one of the devisees filed April 8, in which the executor orally joined on the day of the hearing.

The record does not show that the hearing was the result of notice given to the executor by the claimant, as the statute prescribes; but the claimant and the objectors were present in court either in

person or by counsel. Only two of the objections interposed will be discussed, as they are the ones upon which the court rightly, as we think, disallowed the claim:

1. The claim has never been exhibited against the estate by filing the written instrument · upon which the same is founded, in the county court or the district court to which the administration proceedings were transferred, and, at the time of the hearing, more than one year had elapsed from the granting of letters testamentary, hence the claim is barred by the statute of non-claims (§ 4780, Mills' Ann. Stats.), unless the claimant shall find other estate of the testator, not inventoried or accounted for by the executor.

2. That since more than six years have elapsed since the accrual of the cause of action upon the alleged promissory note before the commencement of proceedings for its allowance, the claim is barred by the general six-year statute of limitations.

Section 4780, Mills' Ann. Stats., declares that demands against an estate of this character shall be exhibited within one year from the granting of letters testamentary or of administration, and if not exhibited within that time shall be forever barred except as to property of the decedent not inventoried or accounted for by the executor or administrator. Section 4787 reads:

"The manner of exhibiting claims against estates shall be by filing in the county court the account, or instrument of writing, * * * whereon such claim is founded. Formal pleadings shall in no case be required; but the issue shall be formed, heard and determined in the same manner as in actions before justices of the peace."

There is no room here for construction. The language is clear, explicit and unambiguous. The

manner of exhibiting a claim founded upon a promissory note is by filing the note itself in the county court. The Illinois statute, from which much of our law concerning probate matters is taken, contains no provision whatever as to the manner of exhibiting claims, and the courts there hold that the filing of a copy of a note is a sufficient exhibiting of a claim based thereon.—*Wallace, Exr., v. Gatchell,* 106 Ill. 315. But our statute is otherwise, and we hold that the manner, and exclusive manner, of exhibiting a claim of this character, is by filing in the county court the written instrument on which the claim is founded.

Counsel for claimant do not seriously question this interpretation of the statute, but say that the requirement can be, and was, waived by the executor by reason of the facts which he offered to prove, and which are embodied in the rejected offer of proof to which we have already adverted. We cannot agree with this contention, under the facts, even if it were within the power of an executor to waive such an essential statutory direction. The claimant is supposed to know the law, and that it provides specifically how claims must be exhibited. The executor is the representative of the estate, and he could not properly accept employment from, or act as the agent of, the claimant in presenting a claim against the estate for adjustment. If it be true that the executor knew of the existence of the note, or had it in his possession, and that the holder asserted it as a claim against the estate, or if the executor neglected to comply with the request of the claimant properly to present the claim and have it allowed, this furnishes no excuse for the claimant's failure to file his claim in the county court as the statute directs.—*Morse v. Pacific Ry. Co.,* 61 N. E. (Ill.) 104.

If claimant has been injured by the executor's failure to carry out a supposed promise, the estate is not answerable therefor.

Under our statute not only may an executor or administrator object to the allowance of a claim, but the heirs at law, devisees or legatees, or creditors or others interested in the estate, may do so. The widow, in her own behalf, and as guardian for her minor child, objected generally to the allowance of this claim when the affidavit containing a copy of the note was filed in the county court. The statute expressly provides that formal pleadings shall not be required, and in case of a contested claim, the issues shall be formed, heard and determined in the same manner as in actions before justices of the peace. It was not necessary, therefore, for the widow and guardian to specify the objections which she had to the allowance of this claim. Under this procedure, a plea of the statute of limitations, or that a copy, and not the note itself, was filed, could be orally interposed any time before, or at, the hearing. There was no waiver, therefore, by the widow and guardian of the filing of the note itself. If any hardship results to the claimant, it is due to his own negligence.

His contention that he was represented by the executor, and the executor did not make the objection, is no excuse whatever. If in allowing claims an executor can act in a dual capacity, when objection to its allowance was here made by the widow or guardian, he ought to have filed the note itself, because the general objection is broad enough to cover the particular objection that filing a copy is not the manner of exhibiting a claim which the statute demands.

It follows that this claim was not exhibited, as

our statute requires, within one year from the granting of letters testamentary, and therefore it is barred by our statute of non-claims, except as to property that may be subsequently discovered or inventoried by the executor. There is no claim that there is any such property of the estate.

The resolution of the first question, upon which the district court decided the case adversely to the claimant, is necessarily conclusive as to the second. For the contention that the claim is not barred by the general limitation statute rests entirely on the assumption that it was properly exhibited in the county court by the filing of the note before the expiration of six years from its maturity. Since we hold that the note has never been exhibited at any time, not even at the hearing below, the claim founded thereon is barred by the general statute, as much more than six years have elapsed since the note became due.

Other questions, such as days of grace on demand notes, delivery of the note after its date, the alleged necessity for the formal continuance from term to term where a claim is not allowed or disallowed on the adjustment day, and for a claim to be both properly exhibited and allowed within the period prescribed by the statute of non-claims, not being material to our decision affirming the judgment, are not considered. Being of opinion that the statute of non-claims, as well as the general statute, operates as a bar of this claim, the judgment of the district court, which was in accord therewith, is affirmed.                                        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.