[No. 8003.]

The First National Bank of Denver v. Cone, Executrix.

1. Executors and Administrators—*Exhibition of Claims*—If the claim is based upon a promissory note, the note itself must be presented and filed in the court. Rev. Stat. § 7212.   (531, 532)

2. ——*Waiver.* The endorsement of the word "disallowed", by the executrix upon a claim founded on a promissory note, and not exhibiting the note, is no waiver of the omission to file the note.   (531)

3. ——*Objections to Claim,* need not be specified.   (531)

4. Pleadings—*Construed.* A claim upon a promissory note being exhibited against the decedent's estate, the executrix files her bill in

equity against the payee, and other subscribers to the note, asserting that decedent subscribed, merely as surety. The filing of the claim was admitted, but there was no admission that the note had been filed or exhibited. *Held* she was not estopped to plead the limitation declared in Rev. Stat. § 7206. (531)

*Error to Fremont District Court.*—Hon. Charles A. Wilkin, Judge.

Mr. James Grafton Rogers, Messrs. Rogers, Shafroth & Rogers, for plaintiff in error.

Messrs. Taylor & Taylor, for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court:

1. The facts are contained in a stipulation between the parties substantially as follows: In 1905, James J. Cone and James H. Peabody were interested as owners and officers in the First National Bank of Canon City. Among the bank assets was listed some paper to which the examiner objected. To meet this objection Cone, Peabody and others borrowed $10,000 from the First National Bank of Denver, (plaintiff in error) giving their notes therefor dated April 1, 1905. Cone died August 13, 1905. September 5, 1905, Annie E. Cone, his widow, (defendant in error) was appointed executrix of his estate. October 27, 1905, plaintiff in error filed a claim in the county court against his estate on account of the note. The original note was not presented or exhibited as the statute requires until September 6, 1911. On or about November 7, 1905, the executrix endorsed on the claim as filed, the following words: "This claim is disallowed." February 14, 1906, Mrs. Cone as executrix brought an action against the other signers of the note, the First National Bank of Canon City and the First National Bank of Denver, in which she alleged that Mr. Cone signed the note as surety only, and that the First National Bank of Denver should enforce whatever right

it had on account of the note, against the First National Bank of Canon City, which, she alleged, was the real principal. That action was determined against her, both in the district court and in this court on appeal. (See *Cone v. First National Bank,* 48 Colo. 485). A hearing on the $10,000 claim against the estate was then had in the county court where a defense was presented that the claim was barred by the statute of non-claims, the note not having been filed within the statutory period of one year after the granting of letters testamentary. The county court adopted this contention and disallowed the claim. On appeal, the district court entertained the same view as to the law, and plaintiff in error brings the case here for review.

2. Plaintiff in error admits that the note was not exhibited to the probate court within one year from the time of granting the letters; but contends that the executrix by her pleadings in the independent action brought by her in the district court, and by statements of her attorneys in certain letters written by them in connection therewith, is now estopped from setting up the defense presented to the claim. Even though an executrix may waive the statute of non-claim, which we do not determine, there is nothing in the record to justify such a position. True, in the pleadings in the action commenced in the district court, and in the correspondence, the executrix by her attorney stated that a claim had been filed in the county court based upon this note; but there is no statement or admission that the note was exhibited. The executrix resisted the claim and endorsed it "disallowed", and at all times insisted it should not be allowed against the estate. This was sufficient. It was not necessary that she specify her objection; any objection to its allowance could be orally interposed at any time before or at the hearing.—*Hobson v. Hobson,* 40 Colo. 332-338, 91 Pac. 929; *Altvater v. National Bank,* 45 Colo. 528-531, 103 Pac. 378.

The statute provides the method for exhibiting claims against estates. Its language is clear, explicit and unam-

biguous. If any hardship has resulted to plaintiff in error, it is because of its failure to avail itself of these provisions, and not owing to any act or conduct on the part of the executrix.

The note was not filed in the proper court within one year from the time of granting the letters and is barred by the statute of non-claims.—*Hobson v. Hobson, supra; Gordon-Tiger Co. v. Loomer,* 50 Colo. 409.

The judgment of the lower court is affirmed.

*Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.