YATES v. TATUM.

[No. 8453.]

1. APPEAL AND ERROR—*Findings of Trial Court—Effect.* A finding of the trial court, which by its terms, is not based upon evidence, but upon an erroneous interpretation of a record, is entitled to no weight. (486.)

2. PRACTICE—*When a Paper is Filed.* It is essential to the filing of any document that it should be deposited with the officer entitled to receive it, with notice to him of the purpose, and with intent that he shall retain it.

An appeal bond approved by a justice of the peace, but which is not deposited with him, but carried to the County Court, is not filed with the justice and has not the effect to perfect the appeal. (486, 487.)

3. JUSTICE OF THE PEACE—*Appeal—How Perfected.* No bond in appeal was filed with the justice, and though a bond was filed in the County Court and a supersedeas issued, no summons was issued, and the supersedeas was afterwards dismissed. *Held* no appeal was perfected in either of the modes prescribed by the statute. (Rev. Stat. secs. 3848, 3849.) (487.)

*Error to San Miguel County Court.* Hon. M. L. BROWN, Judge.

W. L. HOGG, for plaintiff in error.

JOHN L. STIVERS, for defendant in error.

Opinion by Mr. JUSTICE TELLER.

The plaintiff in error recovered a judgment against the defendant in error in a justice court in San Miguel County, in an action in which he was defendant, and the latter caused an appeal bond to be executed, which was approved by the justice on April 21, 1914, the day of the trial. On the 29th day of April, 1914, the same bond was approved by the judge of the County Court, and filed by the clerk of that court. May 12th, a supersedeas issued, and service thereof made on the justice on the following day. May 14th, the justice's transcript was filed, which recited, among other things, that on April 21st, the plaintiff filed an appeal bond, which was approved.

Under date of April 30th, 1914, an order was made by the County Court, dismissing the supersedeas; but counsel for defendant in error suggests that the date was intended for May 30.

June 1st, defendant below, who had judgment, appeared specially and moved to dismiss the appeal, on the ground that no bond had been filed with the justice, and that no summons had been issued by the clerk of the County Court. This motion was overruled. June 12th, the justice made a verified application for leave to amend his transcript theretofore filed by omitting the statement that the bond was filed. The application stated that the bond was not filed or offered for filing at that time, nor at any time within ten days after the rendition of the judgment, within which time a bond must be filed to perfect an appeal.

Another motion to dismiss was made and overruled

June 23, and upon the same day the application to amend was denied, the court, as the record recites, "holding that the approval of the justice of the peace amounted to a filing thereof."

Thereupon the case was tried, the defendant taking no part, and judgment was entered for the plaintiff. All appearances for the appellee in the County Court were special.

The defendant brings the case here for review.

It is urged that the court erred in not dismissing the appeal, since the direct appeal was not perfected by the filing of a bond with the justice, and the procedure in the County Court for appeal, under the second statutory method, had been abandoned by dismissing the supersedeas.

This, of course, presents the question of the County Court's jurisdiction of the case.

Counsel for defendant in error contends that, inasmuch as the inquiry as to the filing of the bond with the justice was one of fact, the finding of the County Court is conclusive.

It may be conceded that, when a court has found upon an issue of fact which determines its jurisdiction, such finding will ordinarily be accepted by a reviewing court; but when the finding by its terms shows that it is not based upon evidence, but upon an erroneous interpretation of a record, it is entitled to no weight.

Such is the situation in this case, with the additional fact that the finding directly contradicts the records of the County Court as they were when the finding was made.

It is conceded that the bond was not marked "filed" in the justice court, and the finding that it was there filed is in terms based upon the fact that it had been approved by the justice. This is contrary to the accepted definition of "finding."

"In the sense of a statute requiring the filing of a paper or document, it is filed when delivered to and received by

the proper officer to be kept on file. The word carries with it the idea of permanent preservation of the thing so delivered and received that it may become a part of the public record." Bouvier Law Dictionary; *People v. Peck,* 67 Hun 560-570, 22 N. Y. Supp. 576.

The thing essential to a filing is a deposit of the paper with the officer, with notice of the purpose, and intent that he should retain it. *Eldred v. Malloy,* 2 Colo. 22.

From the record it this case it appears that when the transcript was received in the County Court the appeal bond was not with the papers transmitted, because it was already in the files of the County Court, had served as the basis for an appeal, and a supersedeas had been issued on it.

To hold that it was a part of the files of, or from, the justice court, was to ignore the physical fact of its presence in the files of the County Court, and that it had been the ground of the court's action in the issue of the supersedeas.

Counsel for defendant in error urges that to permit the justice's record to be amended would have been unfair, because it was then too late to bring the defendant into the County Court by summons.

This objection might be good had not defendant in error, appellant in the County Court, been himself to blame for the situation. It appears that he did not file the bond with the justice, but after its approval took it to the County Court and instituted an appeal by the second method provided by statute.

Having elected to pursue that course, he cannot complain if, having failed in a necessary part of the procedure, he loses his appeal.

The record establishes the fact that no appeal was effected in either of the methods prescribed by the statute. The court was without jurisdiction, and the judgment rendered by it is void.

The judgment is reversed and the cause remanded to the County Court with directions to dismiss the appeal.

CHIEF JUSTICE GABBERT and Mr. JUSTICE HILL concurring.