## No. 13,277.

Estate of Anderson.
Bender *v.* Anderson, Executrix.
(24 P. [2d] 749)

Decided June 19, 1933. Rehearing denied August 7, 1933.

Mr. Lewis deR. Mowry, for plaintiff in error.

Mr. William O. Perry, for defendant in error.

*En Banc.*

Mr. Justice Bouck delivered the opinion of the court.

The plaintiff in error Bender filed in the county court of Denver her affidavit of a proposed claim against the estate of defendant in error's testator for a "balance

due on promissory note as per copy attached." The attached copy does not mention her as a party to the note, nor does the copy show an endorsement by the payee. The executrix was appointed November 30, 1931. The alleged claim was filed November 2, 1932, the day after maturity of the alleged note. On November 16, 1932, a notice was served by claimant that she would apply on November 18 to have the claim set for hearing. The hearing was set for December 7 and then continued for two days. December 9, 1932, Bender orally—and without notice—moved for leave to amend by attaching to her affidavit in lieu of the copy the decedent's original note, and by making appropriate verbal changes in the affidavit. This motion was denied and the claim was dismissed. The record does not disclose, but negatives, that the note was offered in evidence or "exhibited" before the county court, as required by C. L. '21, section 5337, and the dismissal was evidently on the ground that the claim was barred by the statute of nonclaim, *Id.*, section 5331. See *Hobson v. Hobson,* 40 Colo. 332, 91 Pac. 929; *Gordon-Tiger Co. v. Loomer,* 50 Colo. 409, 115 Pac. 717; *First National Bank v. Cone,* 57 Colo. 529, 143 Pac. 569. The correctness of that ruling was not tested here, as the dismissal was not brought up on error under C. L. '21, section 5787. Bender having appealed to the district court, the executrix there moved by written motion that the claim be dismissed, which was done.

 In the district court there was no attempt, such as was made in the county court, to amend the affidavit by substituting the original note. We are therefore not called upon to decide whether or not such amendment could properly have been allowed, or whether a refusal of leave to amend is an abuse of discretion. Not only did Bender not move in the district court for leave to amend, but the original note was not there exhibited or offered in evidence. The note, bearing a general endorsement by the payee, appears attached to the bill of exceptions without any explanation of its presence there, and can of

course serve no purpose in this case. As a matter of fact the record, including what is made part of it by the bill of exceptions, proves that the note is not in any way incorporated in it, and the district court might well have sustained the objections made to its inclusion. Under the aforesaid section 5337, there could be no valid claim until and unless the original note should be "exhibited" or filed. This never happened. The district court, which tried the case de novo, could act only on what came before it. Its ruling on the motion to dismiss was right.

Judgment affirmed.