No. 14,915.

CROWLEY, ADMINISTRATRIX *v.* FARMERS STATE BANK OF YUMA.

(123 P. [2d] 407)

Decided February 16, 1942. Rehearing denied March 9, 1942.

Messrs. McCONLEY & LENNARTZ, for plaintiff in error.

Mr. GLENN S. THOMPSON, for defendant in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

JOHN A. CROWLEY, a resident of Yuma county, departed this life January 22, 1933. On January 31 of that year the plaintiff in error, his widow, was appointed administratrix of his estate. May 6, 1933, defendant in error bank filed a statement of claim against the estate wherein, as the same appears of record, it was recited that the demand was for "Note No. 40972, a true copy of which is attached hereto." Attached is a copy of a promissory note for $4,800 principal, purportedly signed by decedent and one Charles Crowley. The administratrix, in the space provided on the claim blank, waived service of process and expressed that she had no objection to the allowance of the claim. On April 9, 1934, as a matter of course the claim was allowed as of the fifth class. The property of the estate consisted largely of encumbered agricultural lands and livestock and, as was the predicament of many farmers at that period, the financial affairs of deceased were seriously involved. In recognition of this situation, by arrangement with the creditors, of which there were a number, and under the advisement of a committee of such, the administratrix was authorized to continue with the operation of the farms of the estate. Subsequently, through receipts derived from this source, the bank, as well as others who were creditors of the estate, received substantial payments on their demands. In 1939, seemingly on the insistence of the bank that the estate was insolvent, the

county court ordered the administratrix to proceed to close the estate. Her final report was filed December 29, 1939, and thereafter the bank appeared and filed numerous objections to the report. In the course of hearings on the report and objections in the county court, the administratrix, through her present attorneys who did not represent her when the statement of the claim of the bank was filed, moved that the order allowing such claim be set aside and the claim be disallowed for the reason that the original promissory note upon which such demand allegedly was based never had been filed in the county court and so was barred by the statute of nonclaim. Ancillarily, upon the premise that as a result of the deficiencies charged, the bank was not a creditor of the estate, the administratrix further asked that objections of the bank to the final report be dismissed. The county court overruled the motion of the administratrix for vacation and disallowance of the claim in question and generally sustained the bank's objections to the fees and charges of the administratrix and her lawyers, which were deducted in the final report as submitted. Upon appeal the district court affirmed the judgment of the county court in its entirety and the administratrix here seeks a review of the latter adjudication.

Our applicable statute, section 201, chapter 176, '35 C.S.A., provides: "The manner of exhibiting claims against estates shall be by filing in the county court the * * * instrument of writing * * * whereon such claim is founded." In this jurisdiction it has been held consistently that the requirements of this statute are mandatory. *First National Bank v. Cone,* 57 Colo. 529, 143 Pac. 569; *Gordon-Tiger Co. v. Loomer,* 50 Colo. 409, 115 Pac. 717; *Hobson v. Hobson,* 40 Colo. 332, 91 Pac. 929, and *Bender v. Anderson,* 93 Colo. 103, 24 P. (2d) 749. Thus, the filing of a statement of notes executed by decedent without attaching the notes themselves to the claim is not a sufficient presentation of claim based on

such notes. *Gordon-Tiger Co. v. Loomer, supra.* The original note must be presented, if available, and the filing of a copy is not effective. *Hobson v. Hobson, supra.*

In the district court the bank official who handled the present matter in the county court in the first instance, testified in response to a question by counsel: "I presented the original note to the court and asked for an order to remove the note and submit a copy for the reason that the original note was then part of the live assets of the bank carried in the note case, and for the purpose of evidence to the examiners I preferred to leave the original document in the case." No further or other evidence on this point was offered or introduced. The original note bears no filing mark. While the lack of such is not conclusive of the fact of filing, the circumstance is to be considered in connection with the other evidence. In its findings the district court expressed: "In the first place, I am convinced, and so find, that the bank did, within the time allowed by law, file its claim against said estate; also, in that connection, that it did exhibit and present to the county judge the original note; also that it obtained leave of court to withdraw the original note and substitute therefor a true copy thereof."

Following the interposition of the motion of the administratrix for disallowance, the county court entered what it designated as an order nunc pro tunc, reciting that: "Whereas, on May 6, 1933, L. E. Fitzgerald, Cashier of the Farmers State Bank of Yuma, Colorado, did present to the County Court of Yuma County a promissory note for Forty-Eight Hundred Dollars, signed by J. A. Crowley and Charles Crowley, as a claim against the above entitled estate, together with a copy of said note, attached to a claim blank for the amount called for in said note, and did request that he be allowed to substitute said copy and withdraw said original note, which said request was granted.", and it was, "Ordered nunc pro tunc, that said L. E. Fitzgerald be allowed to with-

draw said original note and substitute in its place the copy of said note as above described as of the date of May 6, 1933."

██ In *Yates v. Tatum,* 60 Colo. 484, 486, 155 Pac. 328, as being definitive of the meaning of the word "filing" as involved in the controversy at bar, we quoted as follows from Bouvier's Law Dictionary: "In the sense of a statute requiring the filing of a paper or document, it is filed when delivered to and received by the proper officer to be kept on file. The word carries with it the idea of permanent preservation of the thing so delivered and received that it may become a part of the public record."

The action essential to a filing, as herein was required, is a deposit of the paper with the proper officer and notice of the purpose and intent that he should retain it. *Eldred v. Malloy,* 2 Colo. 20. See, also, 25 C.J., p. 1124, §4. In the light of these definitions, and the state of the records themselves, it is quite evident that a presentation merely by a display or showing of the original note in the county court in the manner disclosed by the testimony, did not meet the requirement of the statute that it be filed. In such circumstances the finding of the district court that the note was "filed" is entitled to no weight. *Yates v. Tatum, supra.* As appears from the foregoing it is certain that no valid presentation of the bank's claim against the estate was ever made.

██ As much more time than one year had elapsed after the granting of the letters of administration, it follows that the demand of the bank against the estate, except as to assets not inventoried or accounted for by the administratrix, is barred by the statute of nonclaim, section 195, chapter 176, '35 C.S.A., unless the contention of the bank—upheld by the district court—that the conduct of the administratrix as hereinabove detailed, constituted a waiver on behalf of the estate of the due presentation of the bank's demand is sound. Unfortunately for the bank the courts generally have held that

a personal representative cannot waive either the requirements or limitations of a statute of nonclaim. 24 C.J., p. 370, §1035; 21 Am. Jur., p. 617, §413. This rule is grounded upon the principle that the personal representative is a trustee of the estate for the benefit of its creditors and heirs, and as such cannot by his conduct waive any provision of a statute affecting their substantial rights. Thus, in *Hobson v. Hobson, supra,* where the claim was denied for failure to file the original note, the claimant offered to prove as evidence of waiver that the original note had been sent to the executor with the request that the latter should see the same properly filed; that the executor had sent the claimant a copy of the form used to present claims, which was filled in and sworn to by the claimant and returned to the executor who filed it in the county court without attaching the original note which, however, remained in the possession of the executor for more than two years thereafter. The opinion contains the following statement: "Counsel for claimant do not seriously question this interpretation of the statute, but say that the requirement can be, and was, waived by the executor by reason of the facts which he offered to prove, and which are embodied in the rejected offer of proof to which we have already adverted. We cannot agree with this contention, under the facts, even if it were within the power of an executor to waive such an essential statutory direction. The claimant is supposed to know the law, and that it provides specifically how claims must be exhibited. The executor is the representative of the estate, and he could not properly accept employment from, or act as the agent of, the claimant in presenting a claim against the estate for adjustment. If it be true that the executor knew of the existence of the note, or had it in his possession, and that the holder asserted it as a claim against the estate, or if the executor neglected to comply with the request of the claimant properly to present the claim and have it allowed, this furnishes no excuse for

the claimant's failure to file his claim in the county court as the statute directs." See, also, *Flynn v. Driscoll,* 38 Ida. 545, 223 Pac. 524; 24 A.L.R. 352. In *Haley v. Austin,* 74 Colo. 571, 223 Pac. 43, we said: "We do not understand that it is competent for the administratrix to waive the statute of nonclaims * * *." In *First National Bank v. Cone, supra,* we held that endorsement of the word "disallowed" by the executrix upon a claim founded on a promissory note where, however, the original note was not exhibited, did not constitute a waiver of the statutory requirement that the original note be filed.

█ In Colorado a county court having allowed a claim against the estate of a deceased person, has jurisdiction to vacate or set aside its order after the expiration of the term at which the order was entered, upon a proper showing of fraud or mistake. *Clemes v. Fox,* 25 Colo. 39, 53 Pac. 225.

As appears in the present case, the initial allowance of the demand of the bank was erroneous and without basis in law. We are thus satisfied that the county court should have set aside the previous allowance and disallowed the claim, and that the district court erred in affirming the county court's action.

█ In the light of this conclusion it is unnecessary that we consider the assignments of error relating to objections to the report of the administratrix. Likewise, correlated questions which may arise as a result of our disposition, including those concerning the status of the bank as a creditor of the estate by reason of the alleged assignment of the Charles Crowley claim, or from any discovery of other estate not inventoried or accounted for by the administratrix, may not receive our consideration until they are properly presented in due course.

Accordingly the judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent herewith.