No. 15,052.

MEYER, ADMINISTRATRIX *v.* MILLIKEN.

(138 P. [2d] 276)

Decided May 10, 1943.

Mr. FRED S. CALDWELL, for plaintiff in error.

Mr. JEAN S. BREITENSTEIN, Mr. JOHN G. REID, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as defendant and her deceased husband as Meyer. Defendant in error is referred to as plaintiff and her deceased husband as Milliken.

The county court entered a judgment allowing the claim of plaintiff against the uninventoried estate of Meyer. To review that judgment defendant prosecutes this writ and specifies five alleged errors. These are argued under three headings, i.e., (1) Plaintiff's claim was not properly exhibited; (2) the judgment is not supported by the evidence; (3) the uninventoried estate is not subject to the payment of the claim.

The claim in question was for approximately $42,000 and interest and was founded upon a judgment of the district court of Carbon County, Wyoming. The uninventoried estate was a profit interest in the operation of certain oil companies, which operations were known as the Moffat Pool, and which interest for the years 1935-6-7-8-9 amounted to more than $10,000. The existence and validity of the Wyoming judgment and the failure to inventory the interest in the Moffat Pool were found by the county court and are overwhelmingly es-

tablished. The Wyoming judgment was upheld in the Denver district court in a suit brought by defendant to vacate, on leave of the county court granted at defendant's request. That judgment was reversed here on writ of error, but affirmed by the United States Supreme Court to which the cause was taken on certiorari. *Meyer v. Milliken,* 101 Colo. 564, 76 P. (2d) 420; *Meyer v. Milliken,* 105 Colo. 532, 100 P. (2d) 151; *Milliken v. Meyer,* 311 U.S. 457, 61 Sup. Ct. 339, 85 L. Ed. 278, 132 A.L.R. 1357; *Meyer v. Milliken,* 107 Colo. 295, 111 P. (2d) 232.

1. Our statute requires that a claim against an estate, founded upon a writing, shall be exhibited by filing the "instrument of writing, or an exemplification of the record whereon such claim is founded." '35 C.S.A., c. 176, §201. Here an exemplified copy of the Wyoming judgment was filed. Defendant says the statute calls for an exemplified copy of the judgment roll. The exact point was before this court more than twenty years ago and decided contrary to defendant's contention. *Scholtz v. Hazard,* 68 Colo. 343, 347, 191 Pac. 123. As against this counsel cite certain cases decided by this court involving promissory notes, and one involving a "transcript of the judgment docket." Clearly these are not in point. He cites one, however, which is illuminating. Therein the claim was by a mortgagee for taxes paid on the mortgaged lands as per a covenant in the mortgage. What was there presented was the note secured by the mortgage, the tax receipts, and an affidavit showing where the mortgage was recorded. The court held that the statute called for the mortgage itself. *Gilmour v. Bank,* 21 Colo. App. 301, 121 Pac. 767. Now the mortgage (trust deed) had no efficacy unless the mortgagor had title, just as the Wyoming judgment had none here unless that court had jurisdiction. But there the mortgage only, and here the judgment only, is called for by the statute. Defects, if any, which might be disclosed by further probing are matters of defense. Prima facie

the mortgagor is presumed to have title and the court jurisdiction.

2. On this point it is sufficient to say that defendant recognized the obligation of the Wyoming judgment, provided it was good, when she sought and obtained an order of the county court permitting her to sue to set it aside and brought that suit. The ultimate result was a decision of the Supreme Court of the United States sustaining that judgment and that decision is res judicata as between these parties.

3. As to claims against estates our statute provides: "All demands not filed within one year [from the granting of letters] as aforesaid, and afterwards allowed, shall be forever barred, unless such *creditor* shall find other estate of the deceased not inventoried or accounted for by the executor or administrator; in which case his claim shall be paid pro rata out of such subsequently discovered estate, * * * ." '35 C.S.A., c. 176, §195, ¶Fifth. Plaintiff's claim was not filed within one year, but since this Moffat Pool was not inventoried the statute would seem applicable and the judgment proper. Contra, defendant relies upon her petition, filed some six weeks after the inventory, and subsequent order and suit to set aside the Wyoming judgment, plus a certain sum disclosed by the inventory as paid by one of the oil companies, as a sufficient compliance with the statute. Claimants, however, are entitled to look to the inventory. They are neither obliged to rely upon hints that something may be hidden, nor required to search court records for possible suits which indicate an attempt to salvage assets not inventoried. Here was an inventory which revealed an estate so small that any attempt on the part of plaintiff to satisfy any substantial portion of her claim out of its assets would have been folly. The trial court not only found no inventory of this Moffat Pool interest but specifically found that defendant "never intended to include same as shown by the fact that the inheritance tax certificate and waiver is the

same as the original inventory." It is a sufficient answer to this last mentioned contention to call attention to the purpose of such inventory as set forth in section 374, page 1159, 23 C.J., and the detailed mandatory requirements of a valid inventory as set forth in section 145, chapter 176, '35 C.S.A.

Again counsel insists that if the uninventoried estate were known to the administratrix at the time of the exhibition of the claim the creditor cannot resort to it on the theory of new discovery. *National Bank v. Hotchkiss*, 49 Colo. 593, 114 Pac. 310. A careful reading of that case gives him ·no consolation and discloses that the words to which he ties are no part of the decision. What an administrator knows in this respect is immaterial unless he has complied with the statute and disclosed that knowledge in his inventory, and it is generally immaterial who makes the discovery. *Townsend v. Thompson, Executrix*, 24 Colo. 411, 51 Pac. 433.

The judgment is affirmed.

MR. JUSTICE HILLIARD dissents.

MR. JUSTICE HILLIARD dissenting.

The statute in relation to the presentation of claims against estates ('35 C.S.A., chapter 176, section 201), reads as follows: "The manner of exhibiting claims against estates shall be by filing in the county court the account, or instrument of writing, or an exemplification of the record whereon such claim is founded. Formal pleadings shall in no case be required; but the issue shall be formed as in actions before justices of the peace, but heard and determined as in civil actions in courts of record."

The claim involved here was filed March 2, 1937, and reads as follows: "February 26, 1937. To amount due claimant on judgment assigned to her as per assignment attached in action of W. B. Milliken, plaintiff, vs. R. D. Meyer, et al., defendants, as per exemplified copy hereto

attached." The "exemplified copy" consisted of a "Decree" of the Wyoming District Court, in the course of which the assignor thereof was decreed to "have judgment against" plaintiff in error's decedent in a stated amount, which, plus interest, as claimed, constitutes the claim. The judgment roll, or the record proper, that is to say, the complaint, the summons and return thereon, and like documents usually attending, were not "presented with the judgment itself," nor was such judgment roll otherwise pleaded, exhibited or offered in evidence.

Plaintiff in error moved to strike·the claim, for that "Said pretended claim is predicated upon an alleged foreign judgment rendered by the court of the State of Wyoming, and therefore, by virtue of mandatory terms and provisions of section 201 of chapter 176 of the 1935 Colorado Statutes Annotated, the same can be presented, exhibited and filed against this estate only by filing in this court 'an exemplification of the record whereon such claim is founded,' and this, said claimant, Margaret M. Milliken, has not done." Denial of the motion to strike is of the specifications of points.

In support of the claim when it came on for trial, other than as to the fact of the assignment of the alleged judgment, and that nothing had been paid toward discharge thereof, the only evidence consisted of the "exemplified copy of the decree in the Wyoming Court" attached to the claim, to which I have adverted. Upon offer thereof in evidence, plaintiff in error objected "for the reason that it is not, and shows conclusively upon its face that it is not an exemplified copy of the record upon which the claim is predicated." The objection was overruled, and that ruling of the court is of the specifications.

Preliminarily to discussing the points I have outlined, I am constrained to observe that the citation by the court here of our opinions and the opinion of the Supreme Court of the United States relative to the Wyo-

ming judgment on which the claim is predicated, is without point. To emphasize that the Wyoming court adjudged in a certain manner, and we otherwise, only to have what the late Chief Justice Taft was wont, on occasion, to refer to as "the court of last conjecture and final error," reverse us, may be good for our immortal souls, but for the purposes of the controversy here only the judgment of the Wyoming court was, or could have been relied upon by defendant in error. Indeed, the claim that was allowed was filed prior to the decisions by us and the Supreme Court of the United States.

I think the claim was neither adequately exhibited nor competently established. First as to the exhibition. Since a judgment is neither an "account" nor an "instrument in writing," it necessarily is a "claim" required to be exhibited by an "exemplification of the record whereon such claim is founded." What constitutes such an exemplification of a judgment in this jurisdiction is not in doubt. " * * * it is necessary that the judgment roll, i.e. the record proper up to the judgment, should be presented with the judgment itself." *Hammitt v. Porter,* 71 Colo. 511, 208 Pac. 452. Thus it has been declared relative to a foreign judgment, as here: "A judgment is, therefore, dependent for its effect and validity upon the record which precedes it; and a record of a judgment, where a recovery is sought upon it in another state, * * *, includes the pleadings as well as the judgment entry. The pleadings and entry of judgment are indispensable parts of the record, as is also the process, * * *." *Jansen v. Hyde,* 8 Colo. App. 38, 44 Pac. 760. "All the cases agree that the complaint, the summons, and most of them the return upon the summons, the affidavit for publication where constructive service is made, and papers of that sort, constitute a part of the judgment roll." *Terry v. Gibson,* 23 Colo. App. 273, 128 Pac. 1127.

In *Alvater v. First National Bank,* 45 Colo. 528, 103 Pac. 378, the sufficiency of the exhibition of a domestic

judgment as a claim against an estate was involved. After setting forth the statute which I have quoted, we said: "The basis of the claim here is a judgment of the district court. The statute requires that 'an exemplification of the record whereon the claim is founded,' shall be filed in the county court." Since there was no exemplification of the record in that case, we added: "As the claim was not properly exhibited to the county court * * *, the court erred in allowing the claim, and the judgment must be reversed for that reason." The opinion there was by Mr. Chief Justice Steele, and in support thereof he cited an opinion by Mr. Justice Campbell in *Hobson v. Hobson,* 40 Colo. 332, 91 Pac. 929, where the claim was upon a promissory note, and the exhibition was of a copy of the note. Proceeding to construe the statute (also quoted there), Justice Campbell said: "There is no room here for construction. The language is clear, explicit and unambiguous. The manner of exhibiting a claim founded upon a promissory note is by filing the note itself in the county court." The point was reemphasized in an opinion by Mr. Justice Bouck in *Bender v. Anderson,* 93 Colo. 103, 24 P. (2d) 749. In *Crowley v. Farmers Bank,* 109 Colo. 146, 123 P. (2d) 407, a bank presented a claim by means of a copy of a note. The claim was approved by the administratrix and allowed by the court. Several payments were made toward discharge of the claim. Some four or five years later, the administratrix, represented by counsel other than the attorney who appeared at the time of the allowance of the claim, "moved that the order allowing such claim be set aside and the claim be disallowed for the reason that the original promissory note upon which such demand allegedly was based never had been filed in the county court." The county court overruled the motion for vacation and disallowance, and the district court whence appeal was taken adjudged likewise. We reversed the judgment, holding that the court should have set aside the previous allowance of the claim and

ordered its disallowance. Mr. Justice Knous, writing the opinion, quoted the statute, and said: "In this jurisdiction it has been held consistently that the requirements of this statute are mandatory."

Secondly, since the sole "proof" of the claim consisted of the identical matter constituting its exhibition, objected to when offered, it follows that in addition to inadequacy of exhibition, the claim was not competently established.

In many situations, not exhaustively reviewed, and regardless of the merits of claims based on judgments, foreign and domestic, promissory notes and other written instruments, when properly moved thereto by the representative of the estate, as here, or by heirs or other creditors, we have not hesitated to enforce the statutory procedural rule in regard to exhibition and proof of claims against estates. Individuals and banks, proceeding in faith and honor, some being holders of unquestioned promissory notes of decedents, others enjoying the status of judgment creditors in such relation, all have felt the force of our adherence to what we have often proclaimed to be the mandatory character of the statute. Indeed, proceeding years after the event, claims against estates approved by administrators and allowed by formal court order, and toward the discharge of which estate representatives have made payments, the inartificiality of the exhibition thereof being urged upon us by such representatives, we have directed orders of vacation.

The legality of the judgment of the Wyoming court, as such, is not involved in this inquiry, and its binding effect, as emphasized in the court opinion, is not an answer to its inept exhibition, nor does it supply what was otherwise wholly lacking—competent proof of the claim.

But for *Scholtz v. Hazard,* 68 Colo. 323, 191 Pac. 123, on which the court opinion is buttressed, it is not likely my brethren would question my exposition of the law

of this case. The opinion in that case, its text examined, as I think, does not warrant its asserted pertinence, and the record proper there doubly reveals its inapplicability. Here, let it be remembered, the contest against the claim is by the personal representative of the estate, and is being urged in behalf of an estate still in course of administration. There, the attack was not by the representative of the estate in the course thereof, nor was it by an heir or another creditor of the estate, in whose behalf direct attack always lies, but by a stranger to the estate proceedings. That stranger, in connivance with the heirs of the decedent and the administratrix of her estate, themselves debtors of the stranger, proceeding deviously, succeeded in gaining title to decedent's real estate, thus so depleting the assets of the estate that it was declared insolvent and the administratrix discharged, leaving claims unpaid. In a direct suit against the stranger by one claiming to be a creditor of the estate, it was sought to make his claim a lien against the lands that had been of the decedent, but which, through an amazingly clever ruse, had become vested in the stranger. In an illuminating opinion in the Scholtz case, Mr. Justice Burke made clear how the stranger and the heirs of the decedent, joined therein by the administratrix of the estate, had worked the undoing of the estate creditors, all to their own several enrichment. The stranger there, represented by no mean counsel, answered variously as to the merits of the suit, and by an amendment at the "eleventh hour," collaterally attacked the sufficiency of the exhibition of his tormentor's claim and its allowance. The record shows, that, in allowing the claim involved there, no opposition then being offered, the county court recited that the claim was "a certified copy of a judgment heretofore entered against said deceased." Subsequently, on application of the representative of the estate to that end, as the record further shows, the county court vacated its order of allowance of the claim, saying it "was never properly

filed [exhibited] against the estate." The claimant appealed from that order to the district court, where, no reasons being recited, the parties—the estate then represented by new counsel—stipulated that an order allowing the claim might enter, which was done, and that order, not one by the county court, constituted the "allowance of the claim."

That the county court there was well justified in its second order, the one vacating its earlier order of allowance, and where it found that insufficiency of exhibition obtained, the record makes clear beyond cavil. The claim was not supported by a "certified copy of a judgment," as in the first instance that court had inadvertently recited, but by a "transcript of a judgment," the precise instrument employed by the claimant in *Alvater v. First National Bank, supra,* and of which we said it "does not comply with the statute." That the district court would have held other than had the county court in its second order, the record considered, is not likely, but the stipulation of the parties that the claim should be allowed relieved that tribunal of concern in that regard. I cannot think, the declared rule in this jurisdiction in mind, that had the administratrix of the estate in the Scholtz-Hazard case continued to challenge the exhibition of the Scholtz judgment, it would have been allowed. But for reasons not altogether to her credit, stating it more mildly than in the opinion in the Scholtz case, she lost interest in safeguarding the estate and engaged in promoting her own well-being.

The foregoing, and much more that the record in the Scholtz case fully warrants, is pertinent to my conviction that that case is not authority for the pronouncement that the exhibition of the claim here, contested timely by the representative of the estate, as was her duty, conforms to the well declared requirements. That right attended in the Scholtz case is not because the Scholtz claim had been sufficiently exhibited, for, by all the cases that was not so, but because by stipulation the

claim had been allowed notwithstanding its inadequate exhibition, and its validity was not subject to challenge by the "stranger" who sought to do so in a collateral suit.

I think the judgment should be reversed.