244

No. 16,358.

Estate of Crowley.
Rice, Administratrix *v.* Farmers State Bank of Yuma.
(221 P. [2d] 378)

Decided July 24, 1950.

Mr. Isaac Mellman, for plaintiff in error.

Messrs. Chutkow & Atler, for defendant in error.

*En Banc.*

Mr. Justice Hays delivered the opinion of the court.

FARMERS STATE BANK OF YUMA, herein designated as the bank, filed its petition in the county court of Yuma county for an order directing the administratrix to show cause why there should not be distributed to the creditors of the estate funds remaining on hand as assets of the estate. The county court granted the requested relief, and an appeal was taken to the district court. Prior to the determination of the issues in the latter court, the administratrix filed corrected reports, and the only issue before the district court was whether or not the bank was a creditor of the estate. The district court held that the bank was such a creditor, and the administratrix brings the cause here for review by writ of error.

The facts which give rise to this controversy are these: Two claims were filed against the estate, one by the bank in the sum of $4800.00, plus interest, on account of a note signed by the deceased and his father, Charles Crowley; the other was filed by the father, Charles Crowley, in the sum of $13,850 and interest, and was based upon a note in the sum of $7,000.00, and upon certain advances made by the father to the son during the latter's lifetime, and evidenced by a series of cancelled bank checks. Both claims were allowed by the county court, and substantial payments made thereon pursuant to the court's order. From the opening of the estate, January 31, 1933, until January 4, 1937, during which time said claims were allowed, the administratrix was represented by the same attorney; upon the latter date this attorney was discharged and a new one employed, whereupon a petition was filed in the county court to vacate the allowance of the bank's claim, upon the ground that it was improperly exhibited and filed, and did not constitute a valid claim against the estate. The petition was denied by both the county and district courts, and the judgment of the latter court was reviewed in *Crowley, Admr. v. Farmers State Bank,* 109 Colo. 146, 123 P. (2d) 407, to which we refer for a more detailed statement of the facts. It was there held that

the claim of the bank was not properly exhibited and filed in the estate, in that the original note, as required by law, was not filed with said claim; that the claim was barred by the statute of nonclaim; and that the administratrix could not lawfully waive the requirements or limitations of that statute since she was acting as trustee and in a representative capacity. It was further held therein that the county court had full jurisdiction, after the lapse of approximately four years, to vacate the order theretofore entered allowing said claim, upon a proper showing of fraud or mistake; and that in the light of facts there presented, it was the duty of that court to disallow the claim. We there observed that, "this rule is grounded upon the principle that the personal representative is a trustee of the estate for the benefit of its creditors and heirs, and as such cannot by his conduct waive any provision of a statute affecting their substantial rights." We further said: "In the light of this conclusion it is unnecessary that we consider the assignments of error relating to objections to the report of the administratrix. Likewise, correlated questions which may arise as a result of our disposition, *including those concerning the status of the bank as a creditor of the estate by reason of the alleged assignment of the Charles Crowley claim,* or from any discovery of other estate not inventoried or accounted for by the administratrix, may not receive our consideration until they are properly presented in due course." (Italics supplied)

■ It is apparent from the record here, and from the opinion and record in *Crowley, Admr. v. Farmers State Bank, supra,* of which we take judicial notice, that the bank is not a creditor of the estate, is not entitled to apply for orders therein, or to otherwise interfere with the due administration thereof, unless it has an interest in said estate by reason of the assignment to it of the Charles Crowley claim.

The assignment above mentioned is, omitting formal parts, as follows:

"For and in consideration of the sum of One Dollar and other valuable consideration, I, Charles Crowley, the undersigned, being the owner of a claim filed against the Estate of John A. Crowley, Deceased, in the sum of $13,850.00, with interest, which claim has been allowed by the administratrix of said estate, do hereby set over and assign to the Farmers State Bank of Yuma, Colorado, a corporation, all dividends, proceeds and disbursements allotted to me out of said Estate by reason of my said claim against said Estate. It is expressly agreed between the assignor and assignee hereto, that all moneys paid upon my said claim from the Estate, are to be paid and applied to the payment of claims of approximately $5033.89, plus interest, which may have accrued, which is due from the John A. Crowley Estate to the Farmers State Bank of Yuma, Colorado, by reason of certain promissory notes signed by John A. Crowley and Charles Crowley, to said bank, and which notes are a claim against said Estate by said bank.

"It is further expressly agreed between the parties hereto that the said bank, assignee hereto, does not waive any right to an action against the assignor on said notes which it may have by reason of his liability as a co-signer of said notes filed against the said Estate.

"It is further expressly agreed that when the claim of the Farmers State Bank of Yuma, Colorado, against the Estate of John A. Crowley, deceased, has been paid in full, together with accrued interest, then this assignment is to be void and of no effect, and the said Charles Crowley is to thereupon be subrogated to the rights of the Farmers State Bank of Yuma, Colorado against said Estate, upon said bank's claim filed herein, and said bank, upon full payment to it of the amount due upon said promissory notes, is to assign to Charles Crowley, the balance of its claim that was not actually paid out of said Estate's funds."

"Charles Crowley     "Seal"

Assignor"

It appears from the above assignment that it was given as collateral security for the payment of the note which formed the basis for the bank's claim against the estate, and which, as elsewhere stated herein, was adjudicated invalid. It was not, nor does it purport to be, a general assignment of said claim, and provides in terms that when the bank's note is paid in full with interest, said assignment thereupon becomes void and of no further force or effect, and further that upon payment of said bank's claim, the assignor was to be subrogated to all of the rights of the bank against the estate. The bank's claim having been adjudicated to be invalid in *Crowley, Admr. v. Farmers State Bank, supra,* it follows that the assignment of the Charles Crowley claim as security for an invalid one conveys no interest in the estate, and the bank should no longer be permitted to harass and annoy the administratrix by filing petitions such as here involved or otherwise interfere with her administration of an estate in which it has no interest.

It is, however, contended by the bank that we are precluded from determining the question as to whether or not it is a creditor of the estate, by reason of the assignment of the Charles Crowley claim, because of a judgment entered by the district court in another case entitled Crowley v. Bank, No. 3527 on the docket of said court, to which, in order to avoid confusion, we will hereinafter refer by number. It is here contended that the judgment in that case is now final and conclusive, and constitutes res judicata of the one question which was, as above shown, expressly reserved for later consideration in the Crowley case, supra, and the only one here presented.

Shortly after our opinion in *Crowley, Admr. v. Farmers State Bank, supra,* became final, and consistent therewith, the administratrix brought suit against the bank to recover the sum of $5,222.00, a portion of which ($1,344.00) was erroneously paid to the bank under the mistaken belief that it held a valid claim against the

estate, and the balance thereof ($3,878.00) paid to the bank as assignee of the Charles Crowley claim against the said estate. The district court in that case, in a lengthy dissertation quite critical of, and in many respects contrary to, our decision in *Crowley, Admr. v. Farmers State Bank, supra,* speaking through the late Judge Taylor, denied the administratrix relief and refused to enter judgment against the bank in favor of the administratrix either on the claim held invalid by us in the above case or upon the assigned claim now under consideration.

In *Crowley, Admr. v. Farmers State Bank, supra,* we held, in language which cannot, without considerable effort, be misconstrued, that in so far as the bank's original claim of $4,800.00 was concerned, it did not constitute a claim against the estate; that the administratrix was trustee for the heirs and creditors of the estate, and as such was incompetent to waive the provisions of a "statute affecting their substantial rights"; that the bank was not a creditor of the estate; and since payments aggregating $1,344.00 had been erroneously made by the administratrix to said bank, it was there held, at least by implication, that the bank itself was a constructive debtor of the estate, and upon demand, should have returned the amount so unlawfully paid, without delay or litigation. The defenses of laches, statutes of limitations and estoppel under such circumstances are not applicable, and the court, in case No. 3527, should have entered judgment accordingly.

The effect of the bank's contention here, if adopted, would be that this court's decision in the Crowley case, supra, had been overruled and reversed by Judge Taylor in the district court in case No. 3527, and that by resisting, delaying, and interfering with the administratrix, the bank had in some mysterious manner acquired title to the funds which the administratrix held in trust for the heirs and creditors of the estate. We are convinced

that the plea of res judicata, even if otherwise tenable, is ineffective to accomplish such purpose.

■ There is, however, another conclusive reason why the defense of res judicata is not available to the bank here. As above indicated, the instant proceeding was instituted by the bank in the Yuma county court by the filing of a petition as an alleged creditor of the estate for an order directing the administratrix to show cause why there should not be distributed to the creditors of the estate funds remaining on hand as assets of the estate, and "that the present administratrix be directed to pay the said funds over to a new administrator to be appointed by the court." The bank's right to file and maintain such petition was challenged in the answer of the administratrix upon the ground that the bank was not a creditor of the estate and as a result had no right to apply to the court for any orders therein. No reply was filed to said challenge setting up the affirmative defense of res judicata as the following rule requires. Rule 8 (c), R.C.P. Colo., provides: "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. * * *." This rule has been repeatedly applied and enforced in the following recent decisions: *Markley v. Hilkey Bros.,* 113 Colo. 562, 160 P. (2d) 394; *Buss v. McKee,* 115 Colo. 159, 170 P. (2d) 268; *Seeger v. Puckett,* 115 Colo. 185, 171 P. (2d) 415; *Carson v. McNeill,* 114 Colo. 78, 162 P. (2d) 226; *Ochaner v. Langendorf,* 115 Colo. 453, 175 P. (2d) 392.

In addition to the foregoing and as further reason why the plea of res judicata is not available to the bank herein, the judgment roll in No. 3527, relied upon here, was neither introduced in evidence on the trial, nor in-

cluded in the abstract; nor was any supplemental abstract containing said judgment roll filed herein.

We conclude from the foregoing that the bank is not a creditor of the estate and should no longer interfere therewith. Accordingly the judgment is reversed and the cause remanded for further proceedings in harmony with the views expressed in this opinion.

MR. JUSTICE JACKSON and MR. JUSTICE STONE dissent.

MR. JUSTICE STONE dissenting.

Experience is increasingly convincing to me that the court should, except in extraordinary circumstances, decide cases on the issues submitted, rather than upon unargued grounds which may suggest themselves to the court. As stated long ago by Elliott, J., in *Townsend v. Fulton Irrigating Ditch Co.,* 17 Colo. 142, 29 Pac. 453, "In general, it is inexpedient and contrary to good practice to attempt to review a cause, except so far as counsel give their assistance by brief and argument," and, even where error is specifically assigned, we have repeatedly held that it will not be considered on review if not argued in the brief. *Edwards v. Quackenbush,* 112 Colo. 337, 149 P. (2d) 809.

In the instant case, defendant in error, Farmers State Bank, as assignee of Charles Crowley, filed petition for an order directing the administratrix to show cause. Such petition was challenged on the ground that the bank was not a creditor and had no right so to petition. The county court, and on appeal the district court, found that the bank was a creditor and entitled to petition for orders in said estate. Error is urged here on the one ground that the claim of Charles Crowley was invalid in that $11,000 of the items making up said claim had been barred by the statute of limitations, which the administratrix had no authority to waive, and that payment had already been made on said claim in excess of the amount for which it could legally be allowed.

As to the issue so tendered, I think the court correctly held that it constituted a collateral attack and properly said, "The County Court has the jurisdiction to pass on claims against the estate, and if the claim has been paid in full, if it is improper, or if the statute of limitations has run against it, the administrator has proper recourse to protect the estate in the County Court under a proper proceeding."

I do not understand that the majority opinion in any way challenges the judgment of the district court on that issue, but rather reverses that judgment on a ground not here argued or charged, to wit, that the assignment to the bank of the Charles Crowley claim as collateral to the bank's claim was avoided by the disallowance of the bank's claim. Accordingly, without arguing the logic of the majority opinion, I dissent.

Mr. JUSTICE JACKSON concurs in this dissenting opinion.